[No. B084507. Second Dist., Div. Three. Jan. 12, 1996.]

KENNEDY, CABOT & CO., INC., Plaintiff and Respondent, v.
NATIONAL ASSOCIATION OF SECURITIES DEALERS, INC.,
Defendant;
DONALD J. WASCHER, Real Party in Interest and Appellant.

**COUNSEL**

Fitzgerald, Abbott & Beardsley, Stephen M. Williams and Maria I. Lawless for Real Party in Interest and Appellant.

Herbert M. Barish for Plaintiff and Respondent.

## OPINION

### ALDRICH, J.—

#### INTRODUCTION

Real party in interest and appellant Donald J. Wascher (Wascher) appeals from the order granting Kennedy, Cabot & Co., Inc. (KCC)[1] a preliminary injunction restraining defendant National Association of Securities Dealers, Inc. (NASD) and Wascher from pursuing the arbitration Wascher initiated against KCC on a claim of breach of contract and related claims.

In granting the injunction, the trial court held that the statute of limitations issue was a matter for the courts, not arbitration, and that the statute of limitations barred Wascher's complaint.

Wascher contends the statute of limitations issue should be decided in the arbitration to which the parties had agreed by contract and by written submissions.

We find Wascher filed his claim within the time requirements of the arbitration agreement and that any statute of limitations issues relating to his claim are within the scope of the pending arbitration. The trial court abused its discretion in granting the injunction. Judgment reversed.

#### FACTUAL AND PROCEDURAL BACKGROUND

KCC is a California corporation engaged in the business of securities trading. Wascher is a stockbroker. KCC and Wascher are members of the NASD, a Delaware corporation. The rules of the NASD require members to arbitrate disputes between members.[2] KCC and Wascher entered into a contract on February 1, 1985, in Beverly Hills, California, in which it was agreed that Wascher would supervise a KCC office in San Francisco. The contract provided that it was to "be construed in accordance with the laws of the State of California."

---

[1]KCC is the designation employed by respondent in its pleadings.

[2]Section 1 of the NASD Code of Arbitration Procedure provides, in part, as follows: "This Code of Arbitration Procedure is prescribed and adopted . . . for the arbitration of any dispute, claim, or controversy arising out of or in connection with the business of any member of the [NASD], . . . [¶] (1) between or among members . . . ."

Section 8 provides, in part: "(a) Any dispute, claim, or controversy eligible for submission under Part I of this Code between or among members and/or associated persons, and/or certain others, arising in connection with the business of such member(s) or in connection with the activities of such associated person(s), shall be arbitrated under this Code, at the instance of: [¶] (1) a member against another member . . . ."

A dispute arose between the parties, resulting in KCC terminating Wascher on August 27, 1987.

On August 26, 1993, Wascher filed a statement of claim with the NASD, seeking arbitration and alleging breach of contract, tortious breach of the covenant of good faith and fair dealing; interference with contract, interference with prospective advantage; fraud, deception, failure to disclose; unfair competition, restraint of trade; conversion, unjust enrichment; and intentional infliction of emotional distress. KCC answered the claim, contending the claim was not eligible for submission to arbitration according to section 15 of the NASD Code of Arbitration Procedure[3] and also that applicable California statutes of limitations had run. KCC also included a counterclaim against Wascher. On November 15, 1993, however, KCC agreed to submit the matter to arbitration, signing an agreement to that effect.

By letter dated January 27, 1994, NASD advised KCC that the director of arbitration had denied KCC's request for dismissal pursuant to section 15 of the NASD Code of Arbitration Procedure, holding that Wascher's claim filed August 26, 1993, was eligible for arbitration and advising that the issue may be reasserted to the panel of arbitrators.

By notice dated February 16, 1994, the arbitration department of NASD advised that it was ready to schedule a hearing on the matter for some time in July, August or September, and requested input from the parties so as to determine a convenient time. It also advised that the case would be heard in San Francisco.

On March 18, 1994, KCC filed a complaint in the superior court in Los Angeles County against defendants NASD and Wascher (also designated as party in interest) for a temporary restraining order, and preliminary and permanent injunctions.

KCC alleged that because house counsel was named by Wascher as a possible witness, outside counsel was retained to handle the matter on February 24, 1994. On March 4, 1994, Wascher's attorney mailed an "extensive discovery request" that asked for compliance on April 4, 1994.

---

[3]The NASD Code of Arbitration Procedure provides, in part:
"Time limit for submission
"Sec. 15. No dispute, claim or controversy shall be eligible for submission to arbitration under this Code where six (6) years have elapsed from the occurrence or event giving rise to the act or dispute, claim, or controversy. This section shall not extend applicable statutes of limitations, nor shall it apply to any case which is directed to arbitration by a court of competent jurisdiction." (NASD Code of Arbitration Procedure, pt. III, § 15, p. 16.)

The complaint alleged that KCC faced ". . . considerable financial burden. . . . Witnesses have died, become incapacitated, moved away, or have a poor memory of events because of the amount of time that has elapsed." KCC also complained about the expense resulting from the fact the case would have to be prepared in Los Angeles, then heard in San Francisco.

In support of its complaint, KCC cited the NASD limitation period, noted above.[4] KCC contended the shorter limitation periods of California law, no more than four years for a contract action, applied and should bar the arbitration, and that courts in California should decide the statute of limitations issue, not the arbitrators.

Wascher opposed the complaint for an injunction, arguing that the superior court in Los Angeles was not the proper venue and lacked jurisdiction to issue the requested relief. Wascher contended KCC was obligated to arbitrate and indeed had submitted the statute of limitations issue to arbitration. Also, Wascher contended the statute of limitations issue was within the scope of the arbitration and that KCC had waived the right to object to arbitration by the submittal agreement.

NASD also opposed KCC's request for an injunction. NASD contended that public interest supported the validity and enforceability of arbitration agreements and pointed out that the arbitrators had not ruled as yet on the issue of the statute of limitations. NASD cited section 6 of the NASD Code of Arbitration Procedure which states: "No party shall, during the arbitration of any matter, prosecute or commence any suit, action or proceeding against any other party touching upon any of the matters referred to arbitration pursuant to this Code." NASD also cited section 35, which provides: "The arbitrators shall be empowered to interpret and determine the applicability of all provisions under this Code and to take appropriate action to obtain compliance with any ruling by the arbitrator(s). Such interpretations and actions to obtain compliance shall be final and binding upon the parties." NASD pointed out that KCC had not filed a motion to dismiss and the arbitrators had not ruled upon this issue.[5]

In response to the opposition, KCC argued that the arbitration had not commenced, and Los Angeles was the proper venue according to the law of

---

[4]See footnote 3, *ante.*

[5]NASD noted that only the arbitrators may dismiss a statement of claim under a statute of limitations defense. It explained, the arbitration staff's authority to dismiss is "carefully circumscribed" by the code; the letter to KCC denying KCC's request to dismiss was a staff determination that the claim appeared to be less than six years old. The letter preserved the issue of the shorter statute of limitation issue for determination by the arbitrators.

contract. KCC also argued that it was required to respond to the filed claim in order to remain in business. "Even filing this action has brought threats from the NASD."

The parties disputed the applicable law, citing various California and federal, as well as out-of-state, authorities.

The superior court granted the request for a preliminary injunction. In its minute order, the trial court explained its ruling as follows: "The Court relies on *Freeman* v. *State Farm Mutual Automobile Insurance Co.* [(*1975*)] 14 Cal.3d 473 [121 Cal.Rptr. 477, 535 P.2d 341]. A *statute of limitations* issue is a *waiver* issue, which, in turn, is a Code of Civil Procedure § 1281.2 issue for the court. Although *Boys Club* [*of San Fernado Valley, Inc.*] v. *Fidelity* [& *Deposit Co.*] [(1992)] 6 Cal.App.4th 1266, 1276 [8 Cal.Rptr.2d 587] recognizes *Freeman*, it comes to a different holding on the issue of *statute of limitations*." (Original italics.)

Wascher appeals.

## CONTENTIONS

Wascher contends:

1. "[KCC] is contractually obligated to arbitrate all disputes with appellant before the NASD."

2. "[KCC] specifically submitted the statute of limitations issue to arbitration and such issues are properly decided by the arbitrators."

3. "[KCC's] motion for preliminary injunction failed to set forth any of the required elements for injunctive relief."

4. "The Los Angeles County Superior Court was not the proper venue for the injunctive relief sought by respondent and the court had no jurisdiction to issue the requested relief."

KCC contends:

1. "Standard of Review is abuse of discretion."

2. "Plaintiff-Respondent is required to be a member of the National Association of Securities Dealers."

3. "Kennedy, Cabot & Co., Inc. was required to respond to the filed claim."

4. "The California statute of limitations applies to this matter."

5. "The Los Angeles Superior Court is the proper venue to hear this action."

6. "The court is mandated to enjoin the arbitration."

7. "Enjoining the arbitration is consistent with Code of Civil Procedure [section] 1281.2."

8. "Injunctive relief is proper."

9. "California's statute of limitations was properly before the trial court."

10. "The federal courts retain jurisdiction with regard to statute of limitations."

11. "New York has also ruled that the statute of limitations issue is for the courts prior to arbitration."

## ISSUE

Is the statute of limitations issue within the scope of the dispute submitted to arbitration? Does a court have authority to enjoin a pending arbitration based upon its ruling on the statute of limitations issue?

## DISCUSSION

### 1. *Standard of Review*

"Ordinarily an appeal from the granting of a preliminary injunction involves a very limited review of the trial court's exercise of discretion concerning two factors: (1) the likelihood that plaintiffs will ultimately prevail and (2) the interim harm plaintiffs will sustain if the preliminary injunction is denied compared to the interim harm defendant will suffer if the injunction is granted pending a final determination of the merits. [Citations.]

"Occasionally, however, the likelihood of prevailing on the merits depends upon a question of pure law rather than upon evidence to be introduced at a subsequent full trial. . . . If such a question of pure law is presented, it can sometimes be determinative over the other factor, for

example, when the defendant shows that the plaintiff's interpretation is wrong as a matter of law and thus the plaintiff has no possibility of success on the merits. [Citations.]" (*Hunter* v. *City of Whittier* (1989) 209 Cal.App.3d 588, 595-596 [257 Cal.Rptr. 559].)

The instant case falls within the latter category. The sole issue was identified as which entity—the court or the arbitration panel—should decide the statute of limitations issue.

## 2. *The Scope of the Arbitration Agreements*

" 'Arbitration is, of course, a matter of contract, and the parties may freely delineate the area of its application.' [Citation.]" (*Freeman* v. *State Farm Mut. Auto. Ins. Co.* (1975) 14 Cal.3d 473, 479 [121 Cal.Rptr. 477, 535 P.2d 341] (hereinafter, *Freeman*).) The arbitration agreement in this case is very broad, encompassing all aspects of any dispute between members.

As members of the NASD, both Wascher and KCC have agreed to arbitrate "any dispute, claim, or controversy arising out of or in connection with the business of any member of the [NASD] . . . between or among members." Also, by the postdispute submission agreement, KCC submitted "the present matter in controversy," as identified by name and case number and as set forth in the attached statement of claim, answers, cross-claims, etc., and agreed "to arbitration in accordance with the Constitution, By-Laws, Rules, Regulations and/or Code of Arbitration Procedure of the sponsoring organization."

"Doubts regarding the scope of arbitrable issues must be resolved in favor of arbitration. (*Ericksen, Arbuthnot, McCarthy, Kearney & Walsh, Inc.* v. *100 Oak Street* [1983] 35 Cal.3d 312, 323 [197 Cal.Rptr. 581, 673 P.2d 251].) ' ". . . Arbitration submissions are usually construed as broadly as possible in order that differences between the parties may be resolved quickly and economically. Under the rule of broad construction an arbitrator is authorized to determine all questions which he needs to determine in order to resolve the controversy submitted to him, and the arbitrator himself decides which questions need to be determined." [Citations.]' (*Van Tassel* v. *Superior Court* (1974) 12 Cal.3d 624, 627 . . . .) 'If participants in the arbitral process begin to assert all possible legal or procedural defenses in court proceedings before the arbitration itself can go forward, the arbitral wheels would very soon grind to a halt. [Citation.] Referring preliminary issues to the courts can cause serious delay and confusion, thus robbing the arbitration procedure of much of its value to the parties.' (*Ericksen, supra*, 35 Cal.3d at p. 323, internal quotation marks omitted.)" (*Boys Club of San Fernando*

*Valley, Inc.* v. *Fidelity & Deposit Co.* (1992) 6 Cal.App.4th 1266, 1276 [8 Cal.Rptr.2d 587].)

### 3. *The Court's Function Pursuant to Code of Civil Procedure Section 1281.2*

"Code of Civil Procedure section 1281.2 was drafted by the California Law Revision Commission to prescribe and limit the power of the superior court in passing upon a petition to compel arbitration. . . ." (*Freeman, supra*, 14 Cal.3d at pp. 479-480.) Accordingly, it also defines and limits the scope of the power of the superior court to enjoin an arbitration, as in this case. (See, e.g., *Farmers Ins. Exch.* v. *Ruiz* (1967) 250 Cal.App.2d 741 [59 Cal.Rptr. 13]; *Southeast Resource Recovery* v. *Montenay Intern.* (9th Cir. 1992) 973 F.2d 711.)

The court is required to order arbitration of a controversy ". . . if it determines that an agreement to arbitrate the controversy exists, unless it determines that: (a) The right to compel arbitration has been waived by the petitioner; or [¶] (b) Grounds exist for the revocation of the agreement. . . ." (Code Civ. Proc., § 1281.2.)

KCC admits there exists an agreement to arbitrate disputes between the parties and does not contend there are grounds for revocation of the agreement. Indeed, there not only exist the general arbitration requirements of the NASD but KCC agreed to submit the specific controversy at issue to arbitration after the controversy arose between Wascher and KCC.[6] Its position is that the filing of the claim, after the applicable California statute of limitations would have expired, constitutes a waiver of his right to arbitrate the controversy. KCC contends the "waiver" issue invites the court, not the arbitrator, to determine statute of limitation issues.

KCC, as did the trial court, relies on *Freeman, supra*, a case concerning arbitration under the uninsured motorist provisions of an automobile insurance policy. *Freeman* involved a petition to compel arbitration and addressed the issue whether the application of the statutory time limitation of Insurance Code section 11580.2, subdivision (i), was a matter for the determination of the court or a matter to be determined by the arbitrator. The Insurance Code requires arbitration of certain limited disputes between the insured and his or

---

[6]KCC asserts that it had "no choice" but to sign the arbitration submittal agreement, because to not do so would subject it to NASD sanctions. Although this appears to be an attempt to render the agreement void or invalid, it is evident that KCC chose to enter into the securities business which requires membership in NASD and compliance with NASD rules and procedures, including arbitration.

her insurer over recovery under the uninsured motorist provisions: the determination as to whether an uninsured motorist was liable to the insured so that the insured was entitled to recover damages under the uninsured motorist's provision and, if so, the amount to be recovered. (Ins. Code, § 11580.2, subd. (f).) The Insurance Code at that time required plaintiff to formally institute arbitration proceedings within one year from the date of the accident. (Ins. Code, § 11580.2, subd. (i).)

In holding that the court should determine whether the insured complied with the one-year requirement, the *Freeman* court reasoned, "The clear purpose and effect of section 1281.2 is to require the superior court to determine in advance whether there is a duty to arbitrate the controversy which has arisen. The performance of this duty necessarily requires the court to examine and, to a limited extent, construe the underlying agreement." (*Freeman, supra*, 14 Cal.3d at p. 480.) The court pointed out that the *statute* required arbitration of two issues only: entitlement to damages and amount of damages. (*Id.* at p. 481.) The court recognized that the insurance *policy* itself or a *postcontroversy agreement* could provide for arbitration of additional issues. (*Ibid.*) However, the court concluded, under the policy language in that case, which corresponded with the statutory requirements, "The issue of whether the right to compel arbitration has been waived by failure to comply with the one-year limitation is clearly one for the determination of the court pursuant to the provisions of section 1281.2 of the Code of Civil Procedure. This issue . . . is logically and legally prior to any consideration by the arbitrator of those other issues which, in the circumstances of the particular case, are a part of 'the entirety of the controversy' and whose determination may have the effect of precluding him from reaching the merits of the dispute. . . ." (*Id.* at p. 485.)

Wascher relies on *Boys Club of San Fernando Valley, Inc.* v. *Fidelity & Deposit Co., supra*, 6 Cal.App.4th 1266, in which Boys Club sought to compel the surety under a performance bond to participate in arbitration. The court held the arbitration agreement between the Boys Club and the contractor employed to construct a recreation facility was incorporated into the performance bond by reference. (*Id.* at p. 1269.) By the arbitration provision in the contract, the parties were required to arbitrate disputes regarding the sufficiency of the contractor's performance under the contract. The performance bond obligated the surety to complete the contract, or procure a contractor to do so, if the contractor was declared to be in default under the contract. Boys Club had waited almost three years after it commenced arbitration proceedings against the contractor before amending its demand to include the surety. The surety argued that it could not be made a party to the

arbitration because the filing of the amended demand was barred by the two-year statute of limitations contained in the performance bond. The court rejected the surety's claim of waiver. Also, emphasizing the broad scope of the arbitrator's powers, the court held that the statute of limitations was an issue to be raised in the arbitration proceeding, not in the judicial proceeding. (*Id.* at p. 1276.)

Federal NASD cases are in accord with *Boys Club*. In *O'Neel* v. *National Ass'n of Securities Dealers* (9th Cir. 1981) 667 F.2d 804, a former employee of a brokerage firm sought to avoid arbitrating a third party claim filed against him by the brokerage firm to impose liability on him for any damages awarded to a dissatisfied customer who had brought a claim against the firm. The court held that the issue as to whether the arbitration panel had jurisdiction over the claim since the legal statute of limitations on the claim had run was to be determined in the arbitration. "We adopt the rule enunciated in *Conticommodity Services* v. *Phillip & Lion,* 613 F.2d 1222 (2nd Cir. 1980), which holds, in effect, that the validity of time-barred defenses to enforcement of arbitration agreements should generally be determined by the arbitrator rather than by the court. We specifically renounce the contention that the defense of the statute of limitations goes to jurisdiction of the tribunal, whether it be judicial or arbitration." (*Id.* at p. 807.)

KCC attempts to distinguish *Boys Club* by pointing out that the limitation in that case was contained within the performance bond, not within a statute as in *Freeman.* The fact that the time limitation was set by agreement of the parties rather than by the Legislature, however, is more similar to the NASD arbitration situation before us than is the uninsured motorist provisions of the Insurance Code discussed in *Freeman.*

To the contrary, in *Freeman,* by statute, the arbitration was narrowly limited to two issues, the liability of the uninsured motorist for the accident and the amount of damages. It was appropriate for the court, in its determination of the waiver issue of Code of Civil Procedure section 1281.2, to consider the statutory time requirements expressly adopted by the Legislature for submittal of those limited issues to arbitration.

In the instant case, the parties' membership in the NASD constitutes an agreement to submit "any and all" disputes between members to arbitration. A dispute is "eligible" for submission to arbitration within six years from "the occurrence or event giving rise to the act or dispute, claim or controversy." There is no dispute that the controversy between Wascher and KCC was submitted to arbitration within six years from his termination. Therefore, Wascher has an eligible claim and he has not "waived" his contractual

right to arbitration for purposes of section 1281.2 of the Code of Civil Procedure. Furthermore, KCC agreed to arbitrate Wascher's claim *after* the alleged expiration of the statutes of limitations KCC contends apply. KCC's explanation that it was compelled to do so pursuant to its membership in the NASD does not, without more, render its agreement to arbitrate a nullity or excuse KCC's compliance.

The arbitrators may consider issues of accrual of the various claims as well as factors which extend or toll applicable limitation periods. Whether Wascher's claim has merit and whether the various causes of action alleged in the claim may be barred on the basis of any applicable California statutes of limitations are issues for the arbitrators, not the court in the circumstances of this particular case.

### DISPOSITION

Judgment reversed. Wascher is awarded costs on appeal.

Klein, P. J., and Kitching, J., concurred.

Respondent's petition for review by the Supreme Court was denied March 28, 1996.