166 Cal.App.4th 71 (2008)
PEARSON DENTAL SUPPLIES, INC., Petitioner,
v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; LUIS TURCIOS, Real Party in Interest.
No. B206740.
Court of Appeals of California, Second District, Division Four.
August 21, 2008.
CERTIFIED FOR PARTIAL PUBLICATION[*]
*74 Law Offices of Russell F. Behjatnia and Russell F. Behjatnia for Petitioner.
No appearance for Respondent.
Lavi & Ebrahimian, N. Nick Ebrahimian and Jordan D. Bello for Real Party in Interest.

OPINION
WILLHITE, J.

INTRODUCTION
Plaintiff Luis Turcios sued his former employer, defendant Pearson Dental Supplies, Inc., for age discrimination under the California Fair Employment and Housing Act (FEHA; Gov. Code, § 12900 et seq.), among other claims. His employment agreement with defendant contained a mandatory arbitration clause for employment-related claims, and provided that any such claim is waived, unless submitted to arbitration within one year from the date the dispute arose or from the date plaintiff first became aware of facts giving rise to the dispute. Applying this provision in court-ordered arbitration, the arbitrator found that plaintiff had failed to timely submit his FEHA claim to arbitration. Therefore, the arbitrator granted summary judgment for defendant. The trial court, however, vacated the arbitration award on the ground, *75 inter alia, that the one-year limitation period impermissibly infringed on plaintiff's unwaivable statutory rights under the FEHA, and that therefore the arbitrator had exceeded his power in enforcing the one-year limit. (Code Civ. Proc., § 1286.2, subd. (a)(4).)[1] Defendant petitioned for a writ of mandate to compel the trial court to confirm the award, and we issued an order to show cause.
(1) In the published portion of this opinion, we hold that on the facts of this case, the one-year limitation period did not unreasonably restrict plaintiff's ability to vindicate his rights under the FEHA. In the unpublished portion, we reject the other grounds on which plaintiff relies to uphold the court's ruling. Therefore, we grant the petition and direct the trial court to set aside its order vacating the arbitration award and to enter an order granting the petition to confirm the award.

FACTUAL AND PROCEDURAL BACKGROUND

1. The Employment Relationship

In February 1999, defendant hired plaintiff, who was then 59 years old, as a maintenance worker. In January and February 2001, the parties signed a "Dispute Resolution Agreement" (DRA). The preprinted form provides, in relevant part, that "[t]o avoid the inconvenience, cost and risk that accompany formal administrative or judicial proceedings, [the parties] agree that [any] dispute arising in any way out of, or in way related to, Employee's ... employment with [defendant] and/or termination of employment shall be resolved through arbitration conducted by a mutually agreed upon arbitrator pursuant to the California Arbitration Act, California Code of Civil Procedure § 1280, et seq."
The DRA contains the following time limitation: "[Defendant] and the Employee further agree that any dispute with any party which arises from employee's employment with [defendant] or termination of employment with [defendant] must be submitted to binding arbitration within one year from the date the dispute arose or the Employee or [defendant] first became aware of facts giving rise to the dispute. If any employment-related dispute which may arise is not submitted to binding arbitration within one year from the date the dispute arose or the Employee or [defendant] first became aware of facts giving rise to the dispute, [defendant] and the Employee agree that the claim *76 shall be void and considered waived to the fullest extent allowed by law." These arbitration provisions are also found in defendant's employee handbook which plaintiff, through a signed writing, acknowledged he had received in 2001.
On January 31, 2006, defendant fired plaintiff.

2. The Lawsuit

Following his termination, plaintiff immediately retained counsel, the Homampour Law Firm, PLC. On February 9, 2006, that firm requested defendant to provide it with a complete copy of plaintiff's personnel file. Two weeks letter, defendant sent the firm a copy of the file, including a copy of the signed DRA.
Sometime thereafter, plaintiff retained new counsel, Lavi & Ebrahimian, LLP. On April 5, 2006, that firm, which has continued to represent plaintiff up to and including this writ proceeding, filed an age discrimination complaint on plaintiff's behalf with the Department of Fair Employment and Housing (DFEH). (Plaintiff was 67 years old when defendant fired him.) The complaint stated that plaintiff wished "to pursue this matter in court" and therefore "request[ed]" that DFEH "provide a right-to-sue notice." DFEH issued the right-to-sue letter on April 14, 2006.
On October 2, 2006, plaintiff filed suit against defendant. The complaint alleged three causes of action: age discrimination in violation of FEHA; wrongful discharge in violation of public policy; and breach of an implied-in-fact contract not to terminate without good cause.
For the next four months, the parties engaged in pleading litigation and discovery. As part of the discovery process, plaintiff asked defendant in November 2006 if there were any written agreements, rules or procedures applicable to plaintiff's employment relationship with defendant. Defendant's response, given in January 2007, made no reference to the DRA. Further, defendant's answer to the complaint asserted 31 affirmative defenses, but made no mention of the DRA.
At the February 20, 2007 case management conference, the parties informed the court that they had agreed to participate in private mediation. Defense counsel stated that it wished to "advise the court regarding an issue that [he had] come across in the [plaintiff's] personnel record.... There's a *77 binding arbitration agreement between the company and all of its employees, it would be something that [he] would have to explore." He explained that he had told plaintiff's counsel about this issue "just this morning." The court declined to take up the issue of arbitration,[2] and, instead, with the parties' agreement, set the dates for future appearances based upon the assumption the matter was set for trial.
Two days later (February 22), defendant sent a letter to plaintiff formally demanding that the case be submitted to binding arbitration pursuant to the DRA. Plaintiff declined to do so.
On March 2, defendant sent another letter to plaintiff. This one demanded that plaintiff dismiss his lawsuit with prejudice because he had failed to request arbitration within a year of his termination. Plaintiff refused.

3. The Petition to Compel Arbitration

On March 13, defendant filed a petition to compel arbitration. Defendant attached a copy of the DRA and its February 22 letter to plaintiff. The petition described the controversy as pertaining to "in particular, the termination of [plaintiff's] employment with [defendant]." Defendant's petition did not mention the one-year limitation period or contend that it had expired, and the petition did not include a copy of defendant's March 2 letter to plaintiff which had made that argument.
Plaintiff's opposition to the motion to compel primarily urged that defendant had waived its right to arbitration by participating in the litigation. Plaintiff also urged he had been prejudiced because of the time and money he had spent in prosecuting the lawsuit up to that point. Plaintiff made no mention of the one-year limitation period in the DRA; made no claim that the DRA was procedurally or substantively unconscionable; and made no attempt to explain why he had not first submitted his claim to arbitration.
On April 12, the trial court, following a reported hearing, granted the petition to compel arbitration.[3] Its order states, in relevant part, that "this *78 matter and controversy is submitted to arbitration pursuant to the terms and conditions set forth in the [DRA]."
On May 1, plaintiff filed a petition for extraordinary relief in this court seeking to overturn the trial court's order compelling arbitration. The petition reiterated the argument that defendant had waived the right to compel arbitration by participating in the lawsuit. On May 31, we summarily denied the petition.

4. Arbitration Proceedings

On July 24, defendant moved for summary judgment in the arbitration proceeding. For the first time other than the March 2 letter, defendant argued that plaintiff "did not timely demand nor submit to binding arbitration the claims which he now seeks to resolve ... in this Arbitration proceeding by his failure to timely submit the matters to arbitration as required pursuant to the [DRA]." The motion contended that this "`statute of limitations' defense... [was] properly brought in this arbitration before the arbitrator" and that "[t]he timeliness issues ... are matters that can only be resolved in `binding arbitration.'"
Plaintiff's opposition to summary judgment did not explain why he had never requested arbitration. Instead, his pleading raised three grounds to defeat defendant's motion: (1) plaintiff's right to arbitrate was tolled during the pendency of the civil action, thereby rendering the arbitration timely;[4] (2) the one-year limitation period in the DRA was substantively unconscionable and thus unenforceable; and (3) defendant's request for arbitration was untimely. Plaintiff stated that "[a]lthough the issue of whether a party waived its right to compel arbitration ... is determined by the [trial] court, whether a demand for arbitration is timely under the terms of the agreement is an issue to be decided by the arbitrator. (See Kennedy, Cabot & Co. v. National Assn. of Securities Dealers, Inc. (1996) 41 Cal.App.4th 1167, 1177-1178 [49 Cal.Rptr.2d 66].)"
*79 Defendant's reply to plaintiff's opposition stated that it had not sought arbitration to litigate the merits of plaintiff's claims but, instead, had "sought arbitration to determine the procedural issue of timeliness."
By letter, the arbitrator informed the parties of his intent to grant defendant's motion for summary judgment. He explained: "The employee['s] failure to submit his claims and disputes to binding arbitration within the one year period as required by the Dispute Resolution Agreement or within the tolling period prescribed in California Code of Civil Procedure 1281.12 has resulted in a waiver of his right to proceed in this arbitration against his employer." A month later, the arbitrator filed a formal award in favor of defendant.

5. Proceedings Resume in the Trial Court

Defendant filed a petition to confirm the arbitration award. Plaintiff filed a petition to vacate the arbitrator's award and opposition to defendant's petition to confirm the award. Neither pleading offered any explanation about plaintiff's failure to abide by his contractual promise to seek timely arbitration of his dispute.
Plaintiff's petition to vacate urged that the arbitrator's application of the DRA's one-year limitation period violated plaintiff's "unwaivable FEHA rights" because the FEHA gives him two years to file a lawsuit alleging a statutory age discrimination. Similarly, plaintiff claimed that the one-year limitation was substantively unconscionable. Plaintiff also argued that the arbitrator had improperly interpreted and applied the tolling provision in section 1281.12.[5]
Plaintiff's opposition to defendant's petition to confirm the arbitration award reiterated all of these points and further argued that the trial court "must use its equitable power to estop Defendant from asserting contradictory representations in court and arbitration in order to prejudice Plaintiff and degrade the integrity of the judicial system." To support the latter argument, plaintiff relied upon the theories of equitable and judicial estoppel.
The trial court denied defendant's motion to confirm the arbitration award and granted plaintiff's motion to vacate the award. The court concluded that the arbitrator had ruled in excess of his jurisdiction. (§ 1286.2, subd. (a)(4).) *80 The trial court explained that defendant was "estopped to deny the validity of the arbitration forum for determination of plaintiff's claims on the merits" given that it had successfully compelled arbitration. The court reasoned that by demanding arbitration, defendant had "waived the contractual time limit and must accept the validity of the arbitration forum for a hearing on the merits." In addition, the trial court held that the arbitrator had miscalculated the tolling period provided by section 1281.12.
The trial court concluded: "In light of plaintiff's FEHA [age discrimination] claims and the recognition by our Supreme Court [in Armendariz v. Foundation Health Psychcare Services, Inc. (2000) 24 Cal.4th 83 [99 Cal.Rptr.2d 745, 6 P.3d 669]] that such claims are unwaivable statutory rights that must be protected, the arbitrator exceeded his jurisdiction in disposing of the matter by way of summary judgment on a timeliness issue and not affording plaintiff the opportunity to have his claims arbitrated on the merits. The ultimate result of arbitration could not have been predicted by [the trial court] when it referred the matter to arbitration, as the referral was necessarily based on the expectation that because the claims were statutorily protected, they would be arbitrated on the merits.... [T]he jurisdictional issue, estoppel, and fundamental fairness due to the nature of plaintiff's FEHA claims and the protection those claims are provided when submitted to arbitration" require the court to vacate the arbitration award. The court referred the matter back to arbitration for a decision on the merits of plaintiff's claim.
This petition for writ of mandate by defendant followed. We issued an order to show cause.

DISCUSSION

1. The One-year Limitation Period

We conduct a de novo review of the trial court's determination that the arbitrator exceeded his powers by rendering an award in favor of defendant based on application of the one-year limitation period found in the DRA. (Advanced Micro Devices, Inc. v. Intel Corp. (1994) 9 Cal.4th 362, 376, fn. 9 [36 Cal.Rptr.2d 581, 885 P.2d 994]; Glassman v. McNab (2003) 112 Cal.App.4th 1593, 1598 [6 Cal.Rptr.3d 293].) We conclude that the trial court erred and therefore grant the petition.[6]
*81 (2) For good or ill, "[t]he scope of judicial review of arbitration awards is extremely narrow. Courts may not review the merits of the controversy, the sufficiency of the evidence supporting the award, or the validity of the arbitrator's reasoning. [Citations.] Indeed, with limited exceptions, `an arbitrator's decision is not generally reviewable for errors of fact or law, whether or not such error appears on the face of the award and causes substantial injustice to the parties.' [Citations.]" (Department of Personnel Administration v. California Correctional Peace Officers Assn. (2007) 152 Cal.App.4th 1193, 1200 [62 Cal.Rptr.3d 110].)
(3) Plaintiff concedes the vitality of those principles but urges that another rule governs this case: a trial court "may, indeed must, vacate an arbitrator's award when it violates a party's statutory rights or otherwise violates a well-defined public policy." (Department of Personnel Administration v. California Correctional Peace Officers Assn., supra, 152 Cal.App.4th at p. 1200.) That rule is based on section 1286.2, subdivision (a)(4), which provides that a trial court shall vacate an arbitration award if it determines that the "arbitrator[] exceeded [his] powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted." An award exceeds the arbitrator's powers "where `according finality to the arbitrator's decision would be incompatible with the protection of a statutory right' or where the award contravenes `an explicit legislative expression of public policy.'" (City of Palo Alto v. Service Employees Internat. Union (1999) 77 Cal.App.4th 327, 334 [91 Cal.Rptr.2d 500], quoting Moncharsh v. Heily & Blase (1992) 3 Cal.4th 1, 32-33 [10 Cal.Rptr.2d 183, 832 P.2d 899] (Moncharsh).)
(4) In arguing that the arbitrator's award violated public policy, plaintiff relies (as did the trial court) on his cause of action alleging age discrimination in violation of the FEHA. Under the FEHA, the plaintiff must file an administrative complaint within one year from the date of the discriminatory act. Then, a civil action must be filed within one year from the date the administrative agency issues a "right to sue" letter. (Gov. Code, §§ 12960, subd. (d), 12965, subd. (b).)[7] Plaintiff urged, and the trial court found, that *82 the arbitrator's application of the one-year limitations period in the DRA contravened public policy because it shortened the FEHA limitations period. We disagree.
(5) The seminal decision is Armendariz v. Foundation Health Psychcare Services, Inc., supra, 24 Cal.4th 83 (Armendariz). Armendariz considered whether a mandatory employment arbitration agreement could be enforced when an employee alleged a cause of action for violation of the FEHA. The opinion first rejected the view that, as a matter of law, an employee could not be compelled to arbitrate a FEHA claim. (24 Cal.4th at pp. 93-99.) Instead, Armendariz held that FEHA claims are subject to arbitration, so long as the arbitration agreement contains certain minimum procedural requirements, and is not otherwise procedurally and substantively unconscionable. (24 Cal.4th at pp. 90-91.)
(6) Before addressing the specific claims of unconscionability made about the arbitration agreement in issue, Armendariz set forth the governing principle. "[A]n arbitration agreement cannot be made to serve as a vehicle for the waiver of statutory rights created by the FEHA.... [P]arties agreeing to arbitrate statutory claims must be deemed to `consent to abide by the substantive and remedial provisions of the statute [e.g., the FEHA].... Otherwise, a party would not be able to fully "`vindicate [his] statutory cause of action in the arbitral forum.'"'" (Aremdariz, supra, 24 Cal.4th at p. 101.) The court also stated that "an arbitration agreement cannot be made to serve as a vehicle for the waiver of statutory rights created by the FEHA" (id. at p. 101), and that the court's endorsement of minimum procedural requirements was to ensure that employment-related arbitration agreements "are not used as a means of effectively curtailing an employee's FEHA rights." (Id. at p. 103, fn. 8.)
(7) Armendariz concluded that the minimum procedural requirements for arbitration of FEHA claims include a neutral arbitrator, adequate discovery, a written decision sufficient to permit limited judicial review, and imposition of arbitration costs on the employer (not the employee). (Aremdariz, supra, 24 Cal.4th at pp. 103-113.) Because the arbitration agreement in Armendariz did not include any limitation period, the court had no reason to discuss what would constitute an unlawful time restriction on an employee's right to arbitrate a FEHA discrimination claim.
*83 That question was discussed in Martinez v. Master Protection Corp. (2004) 118 Cal.App.4th 107 [12 Cal.Rptr.3d 663] (Martinez). There, the court reversed the trial court's order granting the employer's petition to compel arbitration, concluding that the arbitration agreement was procedurally and substantively unconscionable. The grounds of substantive unconscionability were that the agreement was impermissibly unilateral in favor of the employer, required the employee to share in the costs of arbitration, and unduly shortened the statute of limitations. As to the shortened limitation period, the arbitration agreement required the employee to notify the employer of all statutory and common law claims within six months of the date the claim arose. Failure to do so forfeited such claims, even if a federal or state statute would have provided a longer period. (Id. at pp. 112, fn. 2, 117.)
The court in Martinez reasoned: "The statutes upon which Martinez's claims are premised provide significantly longer periods of time than six months within which to assert a claim of violation. Specifically, Martinez's claim of national origin discrimination arises out of the FEHA. That statute provides that Martinez's administrative charge must be filed within one year from the date of the discriminatory act, and that he must file any civil action within one year of the date on which the administrative agency issues a `right to sue' letter. [Citations.] `[A]n arbitration agreement cannot be made to serve as a vehicle for the waiver of statutory rights created by the FEHA.' (Armendariz, supra, 24 Cal.4th at p. 101.) Similarly, the Labor Code, which provides the bases for Martinez's causes of action for unpaid wages and penalties, affords an employee three or four years to assert the claims sued upon here. [Citations.] If there was any doubt, after Armendariz, it is clear that `parties agreeing to arbitrate statutory claims must be deemed to "consent to abide by the substantive and remedial provisions of the statute.... Otherwise, a party would not be able to fully `"vindicate [his or her] statutory cause of action in the arbitral forum."'"' (Armendariz, supra, 24 Cal.4th at p. 101, citation omitted.) The shortened limitations period provided by FireMaster's arbitration agreement is unconscionable and insufficient to protect its employees' right to vindicate their statutory rights." (Martinez, supra, 118 Cal.App.4th at pp. 117-118.)
In this case, plaintiff contends (and the trial court concluded) that Armendariz and Martinez, read together, render the one-year limitations provision in the DRA unenforceable. Armendariz, however, did not invalidate arbitral limitation periods shorter than the FEHA period. It did not consider the issue. It did, however, posit the framework by which to evaluate such a limitation period: is the period sufficient to protect a plaintiff's ability to vindicate a statutory discrimination claim? (See, e.g., Armendariz, supra, 24 Cal.4th at *84 pp. 106-107 [parties may agree to less than full discovery, but the agreed-upon discovery must be "sufficient to adequately arbitrate [the] statutory claim"].)
Further, we do not read Martinez to hold that an arbitral limitation period that is shorter that the FEHA's is per se unenforceable. Rather, in the context of analyzing whether the entire arbitration agreement as a whole was unenforceable, Martinez concluded that the six-month limitation period was unconscionable as compared to the "significantly longer" period for FEHA claims and the three-and-four-year statutory periods applicable to the employee's Labor Code claims. (See also Nyulassy v. Lockheed Martin Corp. (2004) 120 Cal.App.4th 1267, 1283, fn. 12 [16 Cal.Rptr.3d 296] [court held that 180-day arbitral limitation period, which shortened statutory limitation periods for some of employee's claims by more than three and a half years, was "one factor" showing that the arbitration contract was substantively unconscionable, but court did "not mean to suggest that this factor, by itself, would compel this conclusion"].)
Martinez is distinguishable based on the severity of the truncated limitation period involved: six months as opposed to one year here. It is also distinguishable based on the procedural posture. In Martinez, the question arose in connection with determining whether to order arbitration in the first place, and the court did not evaluate whether, in fact, the six-month period was sufficient to permit the employee to investigate, prepare, and litigate his FEHA and other statutory claims. Here, by contrast, the issue arises after court-ordered arbitration has occurred. In initially opposing arbitration, plaintiff did not contend that the one-year limitation period was unconscionable, and hence the issue was not litigated prearbitration as in Martinez. Further, as we discuss later in our opinion, the postarbitration record demonstrates that the one-year period was more than adequate for plaintiff to vindicate his FEHA rights, had he timely submitted to arbitration.[8]
*85 (8) It is important to remember that FEHA does not have a true two-year limitation period, but rather a hybrid period, the first year of which involves the time within which the employee must exhaust administrative remedies by filing a complaint with the DFEH. (Gov. Code, § 12960, subd. (d).) The DFEH's practice is "to issue a right-to-sue letter ([Gov. Code,] § 12965) at the employee's request as a matter of course." (Rojo v. Kliger (1990) 52 Cal.3d 65, 84 [276 Cal.Rptr. 130, 801 P.2d 373]; see also Wasti v. Superior Court (2006) 140 Cal.App.4th 667, 673 [44 Cal.Rptr.3d 625].) That is, in fact, what happened in this case: after plaintiff was fired on January 31, 2006, he filed his administrative complaint with the DFEH on April 5, 2006, and the letter issued nine days later on April 14. Thus, only two and a half months elapsed from plaintiff's firing to issuance of the right-to-sue letter.
Of course, by signing the DRA, the parties in this case explicitly eliminated an administrative proceeding or a lawsuit as a dispute resolution vehicle.[9] They were permitted to do so, so long as the arbitration agreement did not unreasonably burden plaintiff's ability to vindicate his statutory rights under the FEHA. Having agreed not to submit employment disputes to administrative review or civil litigation, it was not unreasonable for the parties to also eliminate the maximum one-year statutory period within which plaintiff would otherwise have been required exhaust his administrative remedies. Thus, in context, the DRA's requirement to commence arbitration within one year after the dispute arises is comparable to the one-year period within which a plaintiff must file a lawsuit for statutory discrimination after obtaining a right-to-sue letter from the DFEH.[10]
*86 Significantly, the record here leaves no doubt that the one-year arbitral limitation period gave plaintiff adequate time to vindicate his FEHA claim in arbitration. After his discharge on January 31, 2006, he obtained counsel within two weeks. He obtained his right-to-sue letter in April 2006 and filed his lawsuit in October 2006. The entire timeframefiring to lawsuittook only eight months. And by the time one year had elapsed since his termination, the parties had engaged in pleading litigation and discovery. Hence, it cannot be said that the one-year arbitral limitation period provided insufficient time for plaintiff to vindicate his FEHA rights in an arbitral forum. Although plaintiff never explained in the trial court why he had not sought arbitration (see fn. 3, ante), his return to our order to show cause implicitly concedes that he knew of his duty to arbitrate, but simply chose not to pursue it. The return states that plaintiff "did not consider demanding arbitration during the `one year' time period following his termination because he believed that [defendant] wanted to litigate the case."
Finally, we observe that the instant case is unusual. As we have noted, in opposition to the petition to compel arbitration, plaintiff did not contend that the arbitration agreement was unconscionable on any ground. He now asserts that defendant's "actions ... prevented [him] from raising an unconscionability argument before the trial court regarding the [DRA's] time limitation provision because he did not believe that the time limitation provision was an issue." But it is not the defendant's burden to apprise the plaintiff of defenses it may raise in arbitration. In any event, defendant's March 2, 2007 letter to plaintiff, sent before defendant petitioned to compel arbitration, put plaintiff on notice of that defense. The letter requested dismissal of the lawsuit with prejudice on the basis that the action was barred by the one-year limitations period in the DRA.[11] At that point, if plaintiff believed the time limitation provision was unconscionable, it was his burden to raise that matter in the trial court before it ruled on defendant's petition to compel arbitration.
Thus, in this posture, we consider the enforceability of the arbitral limitation period not before arbitration has occurred, but after it has occurred, and after the arbitrator, as he was authorized to do, determined that submission *87 to arbitration was untimely under the arbitration agreement. (See Kennedy, Cabot & Co. v. National Assn. of Securities Dealers, Inc., supra, 41 Cal.App.4th at p. 1178 [whether demand for arbitration is timely under arbitration agreement is for the arbitrator, not the court].)[12] As we observed at the outset of our discussion, judicial review of an arbitrator's decision is extremely narrow. We cannot review the decision for errors of law and fact, even when the decision causes substantial injustice. Consequently, while we agree with the trial court that the arbitrator misapplied the tolling period provided by section 1281.12 (see fn. 4, ante), that decision is insulated from judicial review and is not a proper basis upon which either to deny confirmation of the arbitration award or to vacate the award.
Further, we may conclude that the arbitrator acted in excess of his authority (§ 1286.2, subd. (a)(4)) only if this is the rare case in which "according finality to the arbitrator's decision would be incompatible with the protection of a statutory right" or where the award contravenes "an explicit legislative expression of public policy." (Moncharsh, supra, 3 Cal.4th at pp. 32-33.) On this record, the arbitrator's enforcement of the one-year arbitral limitation period did not unfairly burden plaintiff's opportunity to vindicate his FEHA claim. Despite adequate opportunity to investigate, prepare, and litigate, plaintiff chose to ignore the arbitration requirement and the arbitral limitation period, and never argued that the limitation period was unconscionable when opposing the petition to compel arbitration. In this unusual posture, for the reasons we have stated, we conclude that the trial court erred in finding that the arbitrator, by granting summary judgment to defendant based on the one-year limitation period, exceeded his powers.

2. Remaining Contentions[*]
..............................................................

*88 DISPOSITION
The order to show cause is discharged. Let a peremptory writ of mandate issue compelling respondent court to set aside its orders of January 28, 2008, granting the petition to vacate the arbitration award and denying the petition to confirm the arbitration award and to enter new and different orders granting the petition to confirm and denying the petition to vacate. The parties are to bear their own costs in this original proceeding. (Cal. Rules of Court, rule 8.490(m)(1)(B).)
Epstein, P. J., and Manella, J., concurred.
NOTES
[*] Pursuant to California Rules of Court, rules 8.1100, this opinion is certified for publication with the exception of part 2. of the Discussion.
[1] All undesignated section references are to the Code of Civil Procedure.
[2] The trial court commented: "We're not going to take it up now. All I can tell you folks is if somebody thinks they have a valid agreement [to arbitrate], they are wasting time the longer they wait to bring a petition. I don't understand."
[3] During the hearing, the trial court commented: "[T]here is no real explanation offered to us for this delay.... [¶] But if you read the case law, it's quite clear that if a party signs an arbitration agreement, which [plaintiff] did, they have made a contractual promise to arbitrate. I don't know why [plaintiff] chose not to comply with that. [He] made a choice; he brought a lawsuit instead of seeking to arbitrate and under the case law, there has to be a lot more than what is before me for me to find a waiver [by defendant of the right to compel arbitration]."
[4] Plaintiff relied upon section 1281.12 which provides: "If an arbitration agreement requires that arbitration of a controversy be demanded or initiated by a party to the arbitration agreement within a period of time, the commencement of a civil action by that party based upon that controversy, within that period of time, shall toll the applicable time limitations contained in the arbitration agreement with respect to that controversy, from the date the civil action is commenced until 30 days after a final determination by the court that the party is required to arbitrate the controversy...."
[5] In addition, plaintiff claimed that the award had been procured by fraud or other undue means. The trial court rejected this claim.
[6] Defendant's petition also advances several procedural arguments as to why the trial court improperly granted plaintiff's petition to vacate the award. Those arguments are moot given our analysis and disposition of the cause.
[7] Government Code section 12960 provides in relevant part: "(b) Any person claiming to be aggrieved by an alleged unlawful practice may file with the department a verified complaint, in writing.... [¶] (d) No complaint may be filed after the expiration of one year from the date upon which the alleged unlawful practice ... occurred ..."

The one-year period within which to file an administrative claim may be extended for reasons not relevant to this case. (Gov. Code, § 12960, subd. (d)(1)-(4).)
Government Code section 12965 provides in relevant part: "(b) If an accusation [in the name of DFEH] is not issued within 150 days after the filing of a complaint, or if the department earlier determines that no accusation will issue, the department shall promptly notify, in writing, the person claiming to be aggrieved that the department shall issue, on his or her request, the right-to-sue notice. This notice shall indicate that the person claiming to be aggrieved may bring a civil action under this part against the person, employer, labor organization, or employment agency named in the verified complaint within one year from the date of that notice." (Italics added.)
[8] Although several Ninth Circuit decisions have found a one-year limitations period in an arbitration agreement to be substantively unconscionable, those cases are clearly distinguishable. Each rested its holding on the fact that a one-year time limit potentially deprived the plaintiff of the ability to proceed upon a theory of continuing violations. (Davis v. O'Melveny & Myers (9th Cir. 2007) 485 F.3d 1066, 1076-1077 [arbitration provision that bars claims not brought within a year of when they were first known or should have been known is substantively unconscionable because it effectively precludes a plaintiff from proceeding on a theory of "continuing violations"]; Ingle v. Circuit City Stores, Inc. (9th Cir. 2003) 328 F.3d 1165, 1175 [requirement that an employee initiate arbitration within one year is substantively unconscionable because the employee in a sexual harassment action "foregoes the possibility of relief under the continuing violations doctrine [and] the benefit of this provision flows only to [the employer]"]; and Circuit City Stores, Inc. v. Adams (9th Cir. 2002) 279 F.3d 889, 894 [one-year limitations period on initiating arbitration is unconscionable for several reasons, including that it "deprive[s the plaintiff in a sexual harassment lawsuit] of the benefit of the continuing violation doctrine available in FEHA suits"].)

In this lawsuit, it is uncontested that plaintiff's claim is based upon one discrete act: his discharge on January 31, 2006. Consequently, there is no possibility that he could proceed upon a theory of a continuing violation of statutory rights. As such, the holdings of the federal cases are inapposite.
Finally, we note that in Soltani v. Western & Southern Life Ins. Co. (9th Cir. 2001) 258 F.3d 1038, 1042-1045, the court held that a six-month limitation period for a claim of wrongful termination in violation of public policy was enforceable.
[9] As set forth earlier, the DRA stated that the parties were agreeing to arbitration "[t]o avoid the inconvenience, cost and risk that accompany formal administrative or judicial proceedings."
[10] We note also that the one-year arbitral limitation period is also not per se unreasonable as compared to the limitations period for bringing a federal employment discrimination claim under title VII of the Civil Rights Act of 1964. The administrative exhaustion requirement under title VII requires the employee to file an administrative charge with the Equal Employment Opportunity Commission (EEOC) within 180 days after the occurrence of the alleged unlawful employment practice (42 U.S.C § 2000e-5(e)). The EEOC must issue a right-to-sue letter at anytime after 180 days has expired (42 U.S.C. § 2000e-5(f)(1)). Then, the employee must file suit within 90 days after the right-to-sue letter is issued. (Id., § 2000e-5(f)(1).)
[11] The March 2, 2007 letter quoted from the applicable provisions of the DRA and then argued: "[Plaintiff] claims that he was made aware that he was terminated from his employment due to his age, on January 31, 2006, the date of his termination.... Therefore, it is irrefutable and undeniable that over one year has passed and no binding arbitration has been commenced pursuant to the [DRA]. [¶] ... In light of the fact that [plaintiff] failed to seek binding arbitration within the necessary and mandatory one year period, [his] claims ... are VOID and WAIVED." (Original capitalization.)
[12] For the first time on appeal, plaintiff contends that the arbitrator was not authorized to interpret and apply the one-year limitation period. Besides having forfeited the claim by failing to raise it in the trial court (Alternative Systems, Inc. v. Carey (1998) 67 Cal.App.4th 1034, 1039-1040 [79 Cal.Rptr.2d 567]), we note that in his opposition to defendant's summary judgment motion in the arbitration proceeding, plaintiff agreed to permit the arbitrator to decide the issue. In fact, he correctly cited Kennedy, supra, 41 Cal.App.4th 1167, for the proposition that the arbitrator decides whether a demand for arbitration is timely under the terms of the parties' agreement.
[*] See footnote, ante, page 71.