[No. B191810. Second Dist., Div. Seven. May 16, 2007.]

STEVEN M. ACOSTA, Plaintiff and Appellant, v.
ROBERT H. KERRIGAN, Defendant and Respondent.

**COUNSEL**

Law Offices of Thomas J. Weiss, Thomas J. Weiss and Hyrum K. Hunt for Plaintiff and Appellant.

Nordman Cormany Hair & Compton, Joel Mark, Susan M. Seemiller and Brook J. Carroll for Defendant and Respondent.

**OPINION**

**JOHNSON, J.**—Steven M. Acosta appeals from (1) an order awarding Robert H. Kerrigan attorney fees in connection with his successful petition to compel arbitration of a dispute between the parties arising under a lease agreement and (2) an order denying Acosta's petition to compel arbitration of Kerrigan's request for those same attorney fees. Acosta contends an interim award of attorney fees is impermissible, a claim we find unpersuasive. Based on the agreement between the parties, Acosta also contends an arbitrator, not the trial court, should have decided whether to award Kerrigan attorney fees. This we find to be a close issue, but ultimately conclude the trial court had jurisdiction to determine the fee award for proceedings before that court and also was in the better position to do so. Accordingly, we affirm the orders.

## FACTS AND PROCEEDINGS BELOW

In response to Acosta's complaint for writ of possession, injunctive relief and damages for forcible detainer and forcible entry, Kerrigan and the other defendants filed a petition to compel arbitration under a provision in an "Occupancy Agreement" between Acosta and Kerrigan. The arbitration clause states, in pertinent part, "Any dispute regarding any aspect of this Occupancy Agreement or an act which allegedly has or would violate any provision of this Occupancy Agreement . . . will be submitted to arbitration . . . as the exclusive remedy for such claim or dispute." The trial court denied Kerrigan's petition to compel arbitration on grounds the arbitration clause was unconscionable and Kerrigan had waived his right to arbitrate the dispute. Kerrigan appealed and this court issued an opinion reversing the trial court's order.[1]

At a postappeal status conference, the trial court ordered the matter to arbitration and stayed it. The court reserved jurisdiction to modify, confirm, vacate or correct the arbitrator's award and to order dismissal of the complaint. The court also reserved jurisdiction regarding a request for costs on appeal and a motion for attorney fees Kerrigan stated he intended to file.

Kerrigan filed a motion requesting more than $140,000 in attorney fees pursuant to the part of the arbitration clause in the Occupancy Agreement stating, "Should any party to this Agreement hereafter institute any legal action or administrative proceeding against the other by any method other than said arbitration, the responding party shall be entitled to recover from the initiating party all damages, costs, expenses, and attorneys' fees incurred as a result of such action." In his motion, Kerrigan asserted his "entitlement to recover fees is immediate upon successfully moving the case[] to arbitration—as Kerrigan now has done—and is enforceable now whether or not Kerrigan is ever a 'prevailing party' on the merits at the conclusion of the arbitration proceedings."[2]

In opposition to Kerrigan's motion for attorney fees, Acosta argued there is no authority permitting an interim fee award to be made before the conclusion of the arbitration and before the prevailing party is identified. He also

---

[1] *Acosta v. Kerrigan* (Oct. 24, 2005, B181678) [nonpub. opn.].

[2] The Occupancy Agreement also includes a separate provision stating the prevailing party at an arbitration concerning a dispute arising under the agreement is entitled to recover attorney fees.

argued Kerrigan's request for fees should be subject to arbitration in the same manner as his claims against Kerrigan. Acosta also asserted Kerrigan did not submit evidence sufficient to allow the trial court to determine a reasonable fee award.

The day before the trial court was scheduled to hear oral argument on Kerrigan's motion for attorney fees, Acosta filed an ex parte application asking the trial court to stay the fee proceeding under Code of Civil Procedure section 1281.4[3] until the court decided Acosta's simultaneously filed petition to compel arbitration of Kerrigan's request for fees. In his petition, Acosta asserted Kerrigan's claim for attorney fees "obviously arises out of and relates to the Occupancy Agreement, and therefore is subject to mandatory arbitration."

The next day, the trial court heard oral argument on Acosta's ex parte application and Kerrigan's motion for attorney fees. The trial court took the matter under submission and then issued a minute order granting Kerrigan's motion for fees in part and denying it in part. As a threshold matter, the court found it had reserved jurisdiction to decide Kerrigan's claim for attorney fees (effectively rejecting the assertion in Acosta's ex parte application arguing Kerrigan's claim for fees was subject to arbitration). The court also interpreted the relevant provision in the Occupancy Agreement to mean the court could make a fee award before completion of the arbitration and before a prevailing party was identified at the arbitration. The court awarded Kerrigan $60,000 in attorney fees incurred in connection with his successful petition to compel arbitration.

More than a month after the trial court made its fee award, Kerrigan filed an opposition to Acosta's still pending petition to compel arbitration of Kerrigan's claim for attorney fees. Kerrigan argued Acosta's petition was moot because the trial court already had ruled upon his attorney fees motion. He also asserted Acosta had waived arbitration "by failing to object to the court's reservation of jurisdiction on this issue" at the postappeal status conference.

---

[3] Code of Civil Procedure section 1281.4 states, in pertinent part: "If an application has been made to a court of competent jurisdiction . . . for an order to arbitrate a controversy which is an issue involved in an action or proceeding pending before a court of this State and such application is undetermined, the court in which such action or proceeding is pending shall, upon motion of a party to such action or proceeding, stay the action or proceeding until the application for an order to arbitrate is determined and, if arbitration of such controversy is ordered, until an arbitration is had in accordance with the order to arbitrate or until such earlier time as the court specifies."

Acosta raised several arguments in response to Kerrigan's opposition. First, Acosta argued "the court needs to act on the petition in order to assure proper appellate review." Acosta also argued the trial court should not have decided the attorney fees motion before Acosta's petition to compel arbitration because Acosta requested a stay of the proceedings pursuant to Code of Civil Procedure section 1281.4 before the court ruled on Kerrigan's motion. Finally, Acosta asserted he did not waive his right to arbitration by failing to object to the trial court's reservation of jurisdiction concerning Kerrigan's claim for fees. Acosta stated the claim for fees was not part of the controversy the court previously had ordered to arbitration. Acosta claimed he had a right to file a petition to compel arbitration in response to Kerrigan's motion for fees and the trial court needed to decide his petition.

The trial court heard oral argument on Acosta's petition to compel arbitration and issued a minute order denying it. The court stated it already had considered and rejected these same arguments made by Acosta in connection with his opposition to Kerrigan's motion for attorney fees. The court concluded Acosta was asking it to reconsider its prior ruling without complying with the requirements for a motion for reconsideration set forth in Code of Civil Procedure section 1008.

Acosta filed a notice of appeal from the trial court's April 13, 2006 order on Kerrigan's motion for fees and the June 2, 2006 order denying his petition to compel arbitration.[4]

## DISCUSSION

Acosta makes two contentions on appeal: (1) Kerrigan's claim for attorney fees incurred in connection with his successful petition to compel arbitration

---

[4] Kerrigan contends Acosta has appealed from two nonappealable orders and this court has no jurisdiction to decide the matter. First, he asserts an order awarding attorney fees made in connection with an order granting a petition to compel arbitration is a nonappealable order. Second, he asserts Acosta's petition to compel arbitration of the request for attorney fees was really an improper motion for reconsideration of the order awarding fees, and therefore is not an appealable order either.

As to Kerrigan's position the order awarding attorney fees is not appealable, this division has concluded otherwise: "Although an order compelling arbitration is not appealable, an order requiring an aggrieved party immediately to pay money or perform some other act is appealable as a final determination of a collateral matter distinct and severable from the general subject of the litigation." (*Lachkar v. Lachkar* (1986) 182 Cal.App.3d 641, 645, fn. 1 [27 Cal.Rptr. 501] [reviewing order awarding costs and attorney fees in connection with successful petition to compel arbitration].) Moreover, as Kerrigan acknowledges, an order denying a petition to compel arbitration is an appealable order. (Code Civ. Proc., § 1294, subd. (a).) Acosta filed his petition to compel arbitration and requested a stay of proceedings before the trial court ruled on Kerrigan's motion for attorney fees. Thus, even if the order awarding fees were not appealable, the order denying Acosta's petition to compel arbitration would be appealable.

should be arbitrated and (2) an interim award of attorney fees is impermissible. On appeal, Acosta does not challenge the sufficiency of the evidence Kerrigan submitted in support of his request for fees or the amount of the fee award.

## I. THE TRIAL COURT PROPERLY AWARDED KERRIGAN A REASONABLE ATTORNEY FEE ARISING FROM THE PETITION TO COMPEL ARBITRATION.

As set forth above, Kerrigan moved for an award of attorney fees pursuant to an arbitration clause in the Occupancy Agreement stating, in full: "Any dispute regarding any aspect of this Occupancy Agreement or an act which allegedly has or would violate any provision of this Occupancy Agreement ('Arbitrable Dispute') will be submitted to arbitration in Los Angeles, California, before an experienced arbitrator licensed to practice law in California and selected in accordance with the rules of the American Arbitration Association, as the exclusive remedy for such claim or dispute. Should any party to this Agreement hereafter institute any legal action or administrative proceeding against the other by any method other than said arbitration, the responding party shall be entitled to recover from the initiating party all damages, costs, expenses, and attorneys' fees incurred as a result of such action."

We must interpret this provision of the Occupancy Agreement to determine which forum—the trial court or arbitration—is the appropriate forum to decide a claim for attorney fees incurred in connection with a successful petition to compel arbitration. Our interpretation of this attorney fee provision, in the absence of any extrinsic evidence, is subject to our de novo review.[5] But that turns out to be no easy task. This case proves contracting parties as well as the Legislature can hand the courts a conundrum in which two contradictory interpretations are equally plausible.[6] By only the slimmest

---

[5] See *Gil v. Mansano* (2004) 121 Cal.App.4th 739, 743 [7 Cal.Rptr.3d 420] ("If the parties do not present extrinsic evidence to interpret the attorney fee provision of the contract, the appellate court determines de novo whether the contractual attorney fee provision entitles the prevailing party to attorney fees").

[6] In a somewhat different context involving the construction of a statute not a contract, this division faced a similar problem where the language yielded two equally plausible interpretations. (For a comment about the difficulty of resolving such cases, while conceding how truly close they are, see *People v. Weatherill* (1989) 215 Cal.App.3d 1569, 1588–1589 [64 Cal.Rptr. 298] (dis. opn. of Johnson, J.).)

of margins we have elected to adopt the construction advocated in this majority opinion, while recognizing the position taken in the dissenting opinion is perfectly reasonable, too.

■ Acosta contends any claim arising under the Occupancy Agreement— including a claim for attorney fees—must be arbitrated. We ultimately conclude the agreement does not oust the trial court from jurisdiction to adjudicate Kerrigan's request for fees as to the proceeding occurring before that judge. ■ Given the trial court is responsible for deciding a petition to compel arbitration, the trial court also should be responsible for resolving a claim for attorney fees *made in connection with that petition to compel arbitration.* The contract expressly contemplates such a petition might be required and, if so, it necessarily would be heard by a judge not an arbitrator. Although not an express term of the contract, it appears a reasonable but admittedly not inevitable interpretation that the forum authorized by the contract to decide a given issue is also authorized to determine any fee award associated with its hearing and decision of that issue. In a sense, the determination of whether and how much should be awarded the prevailing party is part and parcel of the proceeding on the petition to compel arbitration. Moreover, as has been observed frequently, the " ' "experienced trial judge is the best judge of the value of professional services rendered in his court." ' "[7] To this court it makes more sense to have the judge who heard the petition to compel arbitration decide the fee award claim, too, rather than asking an arbitrator to come up with a reasonable fee award specifically related to a motion he or she did not hear or decide.

The dissent, in contrast, makes a contrary but nonetheless reasonable argument from the contract's broad language. Our colleague argues an arbitrator must resolve Kerrigan's request for attorney fees incurred in connection with the petition to compel arbitration because the arbitration clause states "[*a*]*ny* dispute regarding *any aspect* of this Occupancy Agreement" must be submitted to arbitration.[8] The dissent concludes this broad language covers the request for fees at issue here.

While conceding this position is logically defensible given the breadth of the contract language, we adhere to the opposite view. Whether or not a controversy arising under the Occupancy Agreement is subject to arbitration

---

[7] *PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1095 [5 Cal.Rptr.2d 198, 997 P.2d 511].

[8] Italics added.

also qualifies as a "dispute regarding [an] aspect of [the] Occupancy Agreement." Yet it is clear the trial court, not an arbitrator, must decide this type of dispute (in connection with a petition to compel arbitration).[9] Given the trial court must decide the petition to compel arbitration, we believe the court also should decide a request for fees *made in connection with that same petition*. Indeed the request for attorney fees is so closely related to the hearing and decision of the petition to compel as to be reasonably considered an integral part of that proceeding which even under the contract is necessarily a judicial not an arbitral proceeding. Thus, despite the breadth of the contractual language allocating all issues to decision by an arbitrator, this particular fee award issue appears to fall within the only exception mentioned in the contract—a resort to the courts in order to resist the other party's attempt to avoid the arbitration clause.[10] To this court it appears both consistent with the contract language and preferable as a matter of practical policy to allow the trial judge rather than an arbitrator to decide the fee award issue which is essentially a part of the proceeding on the petition to compel arbitration decided by that trial judge.[11]

## II. THE TRIAL COURT PROPERLY AWARDED ATTORNEY FEES AS TO THE PROCEEDINGS ON THE PETITION TO COMPEL ARBITRATION AT WHAT MAY BE AN INTERIM STAGE OF THE OVERALL PROCEEDINGS IN THIS CASE.

In urging this court to reverse the orders, Acosta also asserts "there was no valid authority invoked by [Kerrigan] or the court for a determination of an interim fee claim on ordinary motion." Acosta cites *Bell v. Farmers Insurance*

---

[9] *Chase v. Blue Cross of California* (1996) 42 Cal.App.4th 1142, 1157 [50 Cal.Rptr.2d 178] ("Enforcement of an arbitration provision is a question for the court").

[10] Acosta also argued Kerrigan in effect should be hoisted on his own petard. Having sought to enforce arbitration as the proper forum, and having succeeded, Kerrigan should not be entitled to have the fee award issue decided by the judicial forum he argued was the improper forum to hear any issues. The same type of argument, however, could be made against Acosta to the effect he should be hoisted on his own petard, perhaps next to Kerrigan. After all, it was Acosta who argued all the issues should be decided by a judge not an arbitrator. Thus, he should not be heard to complain when one such issue, the attorney fees on the petition to compel arbitration, is decided by his preferred forum, the trial court. As this appeal has been resolved, at least the party who won the argument over which forum is to decide the underlying case has been allowed to step off his petard while it is the loser who remains aloft.

[11] We are not persuaded to change our opinion on this issue merely because Kerrigan stated at oral argument he believed his request for fees properly could have been submitted to arbitration if Acosta had not waived his right to arbitration.

Incidentally, we agree with the dissent's analysis on the waiver issue. Assuming Acosta had a right to compel Kerrigan to arbitrate this request for fees—which we conclude he did not—Acosta did not waive that right.

*Exchange*[12] in support of his position the interim fee award at issue here was impermissible. In that case, the trial court made an interim award of attorney fees under Labor Code section 1194, "which gives employees the right to recover reasonable attorney fees in a successful suit for overtime compensation."[13] In determining whether the interim fee award made after the plaintiffs prevailed on summary adjudication as to one of the defendant's defenses was permissible, the Court of Appeal recited the general "rule that each party must bear his or her own attorney fees unless a contractual provision or statute provides otherwise."[14] The appellate court concluded there was no clear "expression of legislative intent" indicating an interim fee award was authorized under that particular statute.[15]

Here, the contractual provision at issue states a party who is forced to file a petition to compel arbitration of a dispute arising under the Occupancy Agreement may recover his attorney fees incurred in making the successful petition. Acosta states no valid reason why Kerrigan should have to wait until the end of the case to recover fees he is entitled to by virtue of prevailing on a specific motion. Kerrigan is not attempting to recover attorney fees under a provision permitting an award of fees to the party prevailing on the merits of a claim arising under the Occupancy Agreement.[16] Rather, he is seeking fees incurred while enforcing an independent provision of the contract, fees to which he is entitled even if he loses the case on the merits in the arbitration. A party who is entitled to recover attorney fees he or she incurred in making a successful discovery motion need not wait until the end of the case before filing the claim for fees.[17] A fortiori, Kerrigan is entitled to an interim attorney fee award in this case where he already has prevailed on an independent proceeding contemplated in the contract.

The dissent agrees with our conclusion an interim fee award is permissible under the terms of the Occupancy Agreement. In other words, a party who prevails on a petition to compel arbitration has an immediate right to make a claim for the attorney fees he incurred in getting the trial court to move the controversy to arbitration. But why should that party have to wait for an arbitrator to resolve the claim for fees, as the dissent concludes? Kerrigan was forced to file a petition to compel arbitration in the trial court in response to Acosta's complaint because Acosta refused to abide by a valid arbitration

---

[12] *Bell v. Farmers Ins. Exchange* (2001) 87 Cal.App.4th 805 [105 Cal.Rptr.2d 59].

[13] *Bell v. Farmers Ins. Exchange, supra,* 87 Cal.App.4th at page 829.

[14] *Bell v. Farmers Ins. Exchange, supra,* 87 Cal.App.4th at page 830.

[15] *Bell v. Farmers Ins. Exchange, supra,* 87 Cal.App.4th at page 833.

[16] Compare *Lachkar v. Lachkar, supra,* 182 Cal.App.3d at page 648 (party who filed successful petition to compel arbitration was not entitled to interim award of attorney fees incurred in connection with that petition under Civ. Code § 1717 because, at the time the award was made, "there was no prevailing party pursuant to that statute").

[17] See Code of Civil Procedure section 2023.030.

clause in the Occupancy Agreement. We do not believe Kerrigan also should be forced to file a separate claim in arbitration so that he can recover the fees he incurred in bringing his successful petition to compel arbitration before the court. Having an arbitrator decide this claim for fees is impractical and inefficient. The trial court is in the best position to decide the claim for fees—and the successful party is entitled to recover those fees—immediately after the party prevails on the petition heard by that judge in that court.

For the foregoing reasons, we conclude the trial court properly awarded Kerrigan fees he incurred in bringing the successful petition to compel arbitration.

## DISPOSITION

The orders awarding respondent attorney fees and denying appellant's petition to compel arbitration of the attorney fees issue are affirmed. Respondent is entitled to recover his costs on appeal.

Perluss, P. J., concurred.

**ZELON, J.,** Dissenting.—While I concur in the majority's conclusion that an interim award of fees is appropriately sought under the terms of this agreement and concur that the issue presented by this case is extremely close, I cannot conclude that this is a matter for the trial court, rather than the arbitrator.

The language of this agreement is broad, requiring arbitration of "[a]ny dispute regarding any aspect of this Occupancy Agreement or an act which allegedly has or would violate any provision of this Occupancy Agreement." Indeed, at the trial court, respondent never asserted that this dispute could not properly be submitted to arbitration under the terms of the agreement; instead, he asserted that the failure of Acosta to object to the trial court's reservation of jurisdiction after this court ordered the contractual dispute submitted to arbitration was a waiver. He conceded at oral argument that the matter would be arbitrable but for this claimed waiver. The history of this case does not, however, support a finding of waiver.

First, the court, in its reservation of jurisdiction, made at the conclusion of a hearing after we reversed the denial of the petition for arbitration, did not hear argument from either party with respect to the arbitrability of the fee request, a request that had not yet been filed. After the request was filed, and the matter heard, the court did not make any finding that the parties had agreed that the question of fees had been excluded from the disputes to be

arbitrated; instead, the court relied solely on the fact that it had reserved jurisdiction over that issue at the earlier hearing. In opposition to Acosta's petition to compel arbitration and request for stay, which had been filed prior to the hearing on fees, but was not heard until a later date, Kerrigan again did not argue that the matter was not arbitrable, but rather that the right to arbitrate had been waived.

Kerrigan's burden of proof to establish a waiver defense is heavy. (*St. Agnes Medical Center v. PacifiCare of California* (2003) 31 Cal.4th 1187, 1195 [8 Cal.Rptr.3d 517, 82 P.3d 727] ["waivers are not to be lightly inferred and the party seeking to establish a waiver bears a heavy burden of proof"].) Courts consider a number of factors when assessing a waiver claim: " ' "(1) whether the party's actions are inconsistent with the right to arbitrate; (2) whether 'the litigation machinery has been substantially invoked' and the parties 'were well into preparation of a lawsuit' before the party notified the opposing party of an intent to arbitrate; (3) whether a party either requested arbitration enforcement close to the trial date or delayed for a long period before seeking a stay; (4) whether a defendant seeking arbitration filed a counterclaim without asking for a stay of the proceedings; (5) 'whether important intervening steps [e.g., taking advantage of judicial discovery procedures not available in arbitration] had taken place'; and (6) whether the delay 'affected, mislead, or prejudiced' the opposing party." ' " (*Id.* at p. 1196.) A showing of some prejudice from the delay is essential to a waiver claim. (*Berman v. Health Net* (2000) 80 Cal.App.4th 1359, 1364 [96 Cal.Rptr.2d 295].)[1]

Even if we were to find that Acosta should have asserted that the fee issue was arbitrable at the hearing where jurisdiction was reserved, Kerrigan has failed to demonstrate any prejudice from Acosta's failure to do so. "Prejudice in the context of waiver of the right to compel arbitration normally means some impairment of the other party's ability to participate in arbitration." (*Groom v. Health Net* (2000) 82 Cal.App.4th 1189, 1197 [98 Cal.Rptr.2d 836].) "For example, courts have found prejudice where the petitioning party used the judicial discovery process to gain information about the other side's case that could not have been gained in arbitration [citation]; where a party unduly delayed and waited until the eve of trial to seek arbitration [citations]; or where the lengthy nature of the delays associated with the petitioning party's attempts to litigate resulted in lost evidence [citation]." (*St. Agnes Medical Center v. PacificCare of California, supra*, 31 Cal.4th at 1204). None of these factors are present here.

---

[1] The majority correctly assesses the benefits and efficiencies of the trial court hearing this fee motion rather than an arbitrator. While this is a significant factor, I cannot conclude it is sufficient to outweigh the choices made by the parties in determining how disputes were to be resolved.

This failure to show prejudice must be balanced against our strong public policy in favor of arbitration, where " '[d]oubts regarding the scope of arbitrable issues must be resolved in favor of arbitration' "(*Kennedy, Cabot & Co. v. National Assn. of Securities Dealers, Inc.* (1996) 41 Cal.App.4th 1167, 1175 [49 Cal.Rptr.2d 66]). The parties agreed to a broad arbitration provision, covering any dispute. Kerrigan, having previously asserted the breadth of that agreement, does not seek to limit its scope now, nor should he. Any doubt in this matter should be resolved in favor of the arbitration to which the parties agreed prior to the time the dispute arose. Accordingly, I respectfully dissent.