Filed 3/23/21  Just a Fluke, Inc. v. Litalien CA4/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| JUST A FLUKE, INC., | |
|    Plaintiff and Appellant, | G058535 |
|       v. | (Super. Ct. No. 30-2017-00917590) |
| JACQUES LITALIEN, et al., | O P I N I O N |
|    Defendants and Respondents; | |

Appeal from an order of the Superior Court of Orange County, Geoffrey T. Glass and James Di Cesare, Judges.  Affirmed.  Request for judicial notice denied.

Cooksey, Toolen, Gage, Duffy & Woog, Phil Woog and Matthew R. Pahl; Law Offices of Christopher P. Ruiz and Christopher P. Ruiz for Plaintiff and Appellant.

Stuart Kane, Donald J. Hamman and Eve A. Brackmann for Defendants and Respondents.

Plaintiff Just a Fluke, Inc. appeals from an attorney fee award arising from dismissal of its declaratory relief action, which sought a judicial declaration that an arbitration between plaintiff and defendants Jacques and Anita Litalien[1] was not a "consumer" arbitration. Plaintiff contends the trial court should not have granted defendants their attorney fees because the underlying construction defect dispute remains to be arbitrated. We disagree and affirm.

## FACTS

Defendants sued their property insurer for bad faith based on failure to cover damages arising from a plumbing leak in their home. Plaintiff, a general contractor, was retained by the insurer as an expert witness in that lawsuit. As part of the settlement of the lawsuit, plaintiff agreed to perform certain repairs to defendants' home. The construction contract between plaintiff and defendants called for arbitration of any disputes "arising out of or related to" the contract or project. It also contained two prevailing party attorney fee provisions, one specific to arbitration proceedings, and one for all purposes.

Later, a dispute arose between plaintiff and defendants regarding the construction work and payment. Defendants initially filed a lawsuit against plaintiff, but quickly dismissed it and instead filed a demand for arbitration with JAMS, pursuant to the contract. Defendants' demand designated the proceeding as a "consumer arbitration" under Code of Civil Procedure section 1284.3, and filed a fee waiver declaration based on indigency along with the demand.

---

[1] Jacques died after the filing of the action, and Anita became incapacitated. Their son, Geatan Joseph Litalien presently acts in their stead in this litigation as beneficiary successor in interest to Jacques and guardian ad litem for Anita. (*Just a Fluke, Inc. v. Litalien* (Dec. 27, 2018, G055958) [nonpub.opn.].) For clarity, we refer to the Litaliens, whether or not acting through Geatan, as "defendants" throughout.

Around the same time, plaintiff filed a separate lawsuit for foreclosure of a mechanics lien against defendants. In response, defendants moved to compel arbitration. The motion was granted.

A few months later, plaintiff objected to the characterization of the arbitration as a "consumer arbitration." JAMS responded that the arbitration would initially proceed as a consumer arbitration, but the question could be further considered by the arbitrator, once one was appointed. The appointment of the arbitrator a few months later also triggered a request by JAMS for payment from plaintiff of 100 percent of the preliminary retainer, which was due before the arbitrator would hear anything or make any decisions.

Plaintiff then filed the instant action in the Superior Court of Orange County. Plaintiff sought a declaratory judgment that the arbitration called for by the parties' contract was not a "consumer arbitration," and that the matter could not proceed to arbitration because JAMS insisted upon treating the matter as a consumer arbitration. In response to this new lawsuit, defendants again moved to compel arbitration.

Rather than compelling arbitration, the court dismissed the matter without prejudice "to assert any legitimate arguments in any attack upon the final award." Plaintiff appealed. On appeal, we concluded the dismissal was erroneous because dismissal had not been requested by defendants or briefed, and due process required notice and a hearing before the court could dismiss the action. (*Just a Fluke, Inc. v. Litalien, supra*, G055958.) We expressed no opinion on the merits, and noted the trial court had the power to treat the motion to compel arbitration as a motion to dismiss and was not limited to the grounds provided by statute for dismissal. (*Ibid.*)

On remand, the trial court set an order to show cause why the court should not dismiss the action, and set a briefing schedule based upon the date of the hearing. Defendants, fearing another appeal and resulting delay to the underlying arbitration, requested a stay instead of dismissal, while contending that a dismissal was potentially

3

proper. Plaintiff contended dismissal was inappropriate. In their reply, defendants also notified the court they had paid the initial retainer for the arbitration themselves, despite its "consumer" designation, in an effort to move the proceeding along despite plaintiff's refusal to pay.

The trial court held a hearing, took the matter under submission, and issued a ruling dismissing the action without prejudice. Defendants filed a memorandum of costs and moved to recover their attorney fees incurred in the action.[2] The court granted defendants their costs in the amount of $4,414.62 and their fees in the reduced amount of $66,375.

Plaintiff timely appealed from the judgment of dismissal. We dismiss that appeal for mootness in the companion case (*Just a Fluke, Inc. v. Litalien* (Mar. 23, 2021, G058381) [nonpub.opn.]). Plaintiff also appealed from the attorney fee award, which we discuss herein.

**DISCUSSION**

*1. Propriety of the Dismissal*

In the companion case (*Just a Fluke, Inc. v. Litalien, supra*, G058381), plaintiff contended the trial court erred by dismissing the underlying action. We dismissed that appeal as moot because while the appeal was pending the arbitrator resolved the "consumer arbitration" issue in plaintiff's favor, leaving nothing for the trial court to decide.

However, as plaintiff notes in its opening brief in this appeal, if the dismissal was improper, the attorney fee award from which plaintiff appeals herein would fail as well, rendering this appeal moot. Consequently, we must analyze the propriety of

---

[2] These proceedings were held before Judge Di Cesare, Judge Glass having retired.

4

the dismissal here as part of plaintiff's challenge to the attorney fee award, even though the underlying judgment itself is moot.

The relief requested by plaintiff was a judicial declaration "that any arbitration pursuant to the parties' contract would not be a 'consumer arbitration' as used in Code of Civil Procedure, section 1284.3," and "that no arbitration can proceed under the parties' contract because the only agreed-to arbitration company deems the matter a consumer arbitration and requires payment as if this were a consumer arbitration matter in order to make a further determination on whether it is a consumer arbitration."

Though couched as a declaratory relief action and in part as a challenge to arbitrability of the entire dispute, this action was unmistakably a challenge by plaintiff to the initial ruling by JAMS that the arbitration was a "consumer arbitration" and that plaintiff must pay the arbitration fees. Therefore, we treat plaintiff's action as a petition to vacate an interim arbitration award.

Petitions to vacate arbitration awards are governed by California Code of Civil Procedure section 1285, et seq., which in turn relies on terms defined elsewhere in the same title. Such a petition may only be brought regarding an arbitration "in which an award has been made." (Code Civ. Proc., § 1285.) An "award" is defined by Code of Civil Procedure section 1283.4 as made "in writing and signed by the arbitrators concurring therein," and including "a determination of all the questions submitted to the arbitrators the decision of which is necessary in order to determine the controversy." Absent an "award," the superior court lacks subject matter jurisdiction to consider a challenge to an arbitrator's decision.

*Maplebear, Inc. v. Busick* (2018) 26 Cal.App.5th 394 (*Maplebear*) is closely analogous. In that case, which involved alleged misclassification of workers as independent contractors rather than employees, the arbitrator issued a "partial final award" permitting the claimant to move for class certification. (*Id*. at p. 398.) The respondent filed a petition in superior court to vacate the partial final award. (*Ibid.*) The

5

superior court dismissed the petition for lack of subject matter jurisdiction, concluding it could not review an interim arbitration award.  (*Ibid.*)

The Court of Appeal affirmed.  (*Maplebear, supra*, 26 Cal.App.5th at p. 407.)  The court concluded interim rulings by arbitrators that do not determine all the questions submitted to the arbitrators are not "awards" under Code of Civil Procedure section 1283.4, and therefore may not be challenged in superior court.  (*Maplebear,* at p. 403.)  The court observed that the inefficiency inherent in permitting challenges in superior court to interim arbitration decisions contravened "'"'a strong public policy in favor of arbitration as a speedy and relatively inexpensive means of dispute resolution.'"'"  (*Ibid*.)  "Such 'sporadic judicial intrusion into ongoing arbitrations . . . would be highly inefficient . . . because it would disrupt the "streamlined process" that . . . is a hallmark of arbitration.'"  (*Id.* at p. 404.)

Just as in *Maplebear*, plaintiff's attempt to challenge an interim arbitration ruling in superior court was properly dismissed.  We now turn to plaintiff's remaining arguments specific to the attorney fee question.

2.  *Propriety of Awarding Attorney Fees Prior to Final Resolution of the Arbitration*

Plaintiff contends the trial court's award of attorney fees is premature and improper because the underlying arbitration has not yet been resolved.  Plaintiff quotes *Hsu v. Abbara* (1995) 9 Cal.4th 863, 876 (*Hsu*):  "[t]he prevailing party determination is to be made only upon final resolution of the contract claims and only by 'a comparison of the extent to which each party ha[s] succeeded and failed to succeed in its contentions.'"

But the sentence directly preceding plaintiff's quote undermines plaintiff's position:  "[a]ccordingly we hold that in deciding whether there is a 'party prevailing on the contract,' the trial court is to compare the relief awarded on the contract claim or claims with the parties' demands on those same claims and their litigation objectives as disclosed by the pleadings, trial briefs, opening statements, and similar sources."  (*Hsu, supra*, 9 Cal.4th at p. 876.)  The only contract claim at issue in *this action* is plaintiff's

6

challenge to the initial ruling requiring them to pay the arbitration fees. That challenge has been finally resolved against defendants.

This conclusion is supported by *Turner v. Schultz* (2009) 175 Cal.App.4th 974 (*Turner*), which the trial court also cited. In *Turner*, the plaintiff filed a declaratory relief action, contending his dispute with the defendants was not arbitrable, and seeking preliminary relief preventing the arbitration from going forward. (*Turner, supra*, 175 Cal.App.4th at p. 978.) The trial court denied the plaintiff relief, and ultimately rendered judgment for the defendants, via a demurrer and motion for judgment on the pleadings. (*Ibid.*) The trial court then awarded attorney fees in favor of the defendants. (*Id.* at pp. 978-979.)

The plaintiff appealed, arguing (among other things) the fee award was premature because the arbitration was yet to be resolved. (*Turner, supra*, 175 Cal.App.4th at p. 980.) The Court of Appeal affirmed, concluding "[t]he fees at issue were incurred in connection with an independent complaint for declaratory and injunctive relief," upon which the defendants entirely prevailed, and "[plaintiff] must accept the consequences of forcing defendants to fight on two fronts." (*Id.* at p. 983, 985.)

Plaintiff attempts to distinguish *Turner*, arguing the arbitration fee issue forming the substance of plaintiff's complaint was left to be adjudicated later, and that plaintiff (unlike the plaintiff in *Turner*) is innocent of venue shopping. We discount the venue-shopping issue: to the extent venue shopping is relevant to the *Turner* decision, plaintiff is equally guilty of it, having forced defendants to litigate these issues "on two fronts" (in the arbitration & in this separate court action).

On the other point, plaintiff's arguments have some appeal; plaintiff even convinced the arbitrator to reverse course and split the arbitration fees between the parties after plaintiff's declaratory relief action was dismissed. But plaintiff's arguments ignore the nature of plaintiff's complaint itself. In this discrete action, plaintiff sought judicial relief to override an interim decision by an arbitrator. That judicial relief was denied,

7

fully and finally, leaving the matter to the sole discretion of the arbitrator, such that plaintiff's only remedy is an attack on any resulting final award via a new action. In short, this discrete litigation is over and defendants prevailed, just as the defendants in *Turner* prevailed.

### 3. Plaintiff's Action as an "Interim Procedural Step" or a Discrete Action

Plaintiff also argues the award of attorney fees violates principles set forth by the Supreme Court in *DisputeSuite.com, LLC v. Scoreinc.com* (2017) 2 Cal.5th 968 (*DisputeSuite*) and *Mountain Air Enterprises, LLC v. Sundowner Towers, LLC* (2017) 3 Cal.5th 744 (*Mountain Air*). Specifically, plaintiff argues its declaratory relief action was merely an "interim procedural step," as described in *DisputeSuite*, best understood as part of the overall contract litigation between the parties, rather than separate litigation, and that awarding attorney fees would countenance multiple fee awards in the same case, contrary to language from *Mountain Air*. We are not persuaded.

In *DisputeSuite*, the plaintiff sued the defendant over issues arising from contracts that contained a forum selection clause specifying Florida courts. (*DisputeSuite, supra*, 2 Cal.5th at pp. 971-972.) In response to the plaintiff's breach of contract action, the defendant brought a motion to dismiss the action on grounds of forum non conveniens. (*Id.* at p. 972.) The trial court granted the motion, dismissing the action. (*Ibid.*) The defendant then moved to recover its attorney fees incurred in connection with the motion, citing a contractual attorney fee clause. (*Ibid.*) The trial court denied the motion, and the court of appeal affirmed. (*Ibid.*) The Supreme Court also affirmed, concluding the defendant's forum non conveniens motion was only an interim procedural step, rather than a victory on the contract. (*Id.* at p. 977.)

But the Supreme Court was careful to distinguish *Turner*, and cases like it, from its holding in *DisputeSuite*. The Supreme Court noted the California and Florida actions in *DisputeSuite* were "not substantively independent" in that they involved the same claims, whereas in the action at issue in *Turner*, "only the question of arbitration

8

was at issue, and not the substance of the contractual dispute being litigated [elsewhere] . . . ." (*DisputeSuite, supra*, 2 Cal.5th at p. 980.)

The same distinction separates this case from *DisputeSuite*. Unlike in *DisputeSuite*, the only issue at stake in the declaratory relief action here was plaintiff's challenge to the initial arbitration fee determination, not the underlying dispute over plaintiff's work on defendants' home. Dismissal of the action fully resolves that sole issue, and consequently cannot be construed as a mere interim procedural step.

In *Mountain Air*, the Supreme Court also held assertion of an affirmative defense could not be an "action" or "proceeding" as those words were used in a contractual attorney fee provision. (*Mountain Air, supra*, 3 Cal.5th at pp. 755-756.) As part of its analysis, the Supreme Court reasoned a broad interpretation of the word "proceeding" including the assertion of affirmative defenses "could theoretically authorize multiple fee awards in a single case, a result inconsistent with the conventional understanding of how contractual attorney fees are awarded." (*Id.* at p. 755.) Plaintiff asserts this same language forbids the award of attorney fees in the present case.

But the instant case contemplates only one award of fees: the present award being challenged. The separate award of fees that may result from the arbitration is not a second award of fees in this case—it is instead an award of fees in the separate, combined mechanic's lien/breach of contract arbitration proceeding. It thus does not run afoul of *Mountain Air*.

*4. Determination of the Prevailing Party*

Last, plaintiff contends defendants could not properly be deemed the prevailing party. "Trial courts . . . generally have 'discretion in determining which party has prevailed on the contract, or that no party has.'" (*Burkhalter Kessler Clement & George LLP v. Hamilton* (2018) 19 Cal.App.5th 38, 43.) "A trial court's determination that a litigant is a prevailing party under [Civil Code] section 1717 is generally reviewed for abuse of discretion, but if the challenge to that determination is solely one of law, the

9

de novo standard of review applies." (*Ibid.*) Plaintiff does not contend its challenge is solely one of law and only argues the trial court abused its discretion; accordingly, we apply the abuse of discretion standard of review.

Plaintiff argues defendants cannot be the prevailing party because they opposed dismissal. But this mischaracterizes defendants' position, and the record provides ample support for the trial court's conclusion that dismissal fulfilled defendants' litigation objectives. Plaintiff's complaint (a primary source of evidence of its litigation objectives) challenges the initial ruling from JAMS on fees, while defendants' response to the complaint (a petition to compel arbitration) sought to prevent plaintiff from litigating the issue on two fronts. Defendants defended the initial dismissal on appeal, and on remand to the trial court requested a stay rather than a dismissal expressly for the tactical purpose of preventing plaintiff from appealing and creating further delay. Dismissal nonetheless served defendants' litigation objectives by forcing plaintiff to proceed in arbitration, as defendants had sought all along.

Plaintiff also argues the language of the arbitration provision prevents the trial court from finding defendants the prevailing party. Specifically, the provision in question forbids defendants from recovering fees and costs if they "fail[] to reasonably allow [plaintiff] to repair any substandard workmanship prior to arbitration or refuse[] to accept the reasonable cost to repair the substandard workmanship prior to initiating arbitration." The trial court, however, concluded this language did not apply here because plaintiff, rather than defendants, initiated this action.

We agree with the trial court. The language in question creates a condition precedent for defendants to recover fees and costs when defendants initiate an action. It does not bar defendants from recovering their fees and costs when plaintiff sues defendants, as plaintiff did here.

10

*5. Request for Judicial Notice*

Defendants request we take judicial notice of several documents, including our opinion in the prior appeal. Our opinion is included in the plaintiff's appendix, making it part of the record on appeal, and we therefore decline to take judicial notice of it. Because we affirm without the necessity of considering any of the other documents, and because plaintiff does not rely upon those documents, we also decline the remainder of defendants' requests for judicial notice.

*6. Attorney Fees on Appeal*

Defendants request we enter an award of attorney fees in their favor on appeal, citing California Rules of Court, rule 8.278(a)(2), (3), and (d)(2). As is our usual practice, we decline to rule on attorney fees incurred on appeal and leave the issue to the trial court's sound discretion, pursuant to California Rules of Court, rules 8.278(d)(2) and 3.1702(c).

**DISPOSITION**

The judgment is affirmed. The request for judicial notice is denied. Defendants shall recover costs on appeal.


THOMPSON, J.

WE CONCUR:


MOORE, ACTING P. J.


IKOLA, J.

11