Filed 12/17/25; Certified for Publication 1/8/26 (order attached)

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| ROBERTA V. BARBANELL, as Trustee, etc. et al., <br><br>     Respondents, <br><br> v. <br><br> RAYMOND E. LODGE et al., <br><br>     Appellants. | D084193 <br><br> (Super. Ct. No. 37-2023-00022902-CU-PT-NC) |

APPEAL from a judgment of the Superior Court of San Diego County, Earl H. Maas III, Judge. Affirmed.

Plante Huguenin Lebovic Kahn, Edward R. Huguenin and James L. Bothwell for Appellants.

Klinedinst PC, Carey L. Cooper and Theodore S. Wolter for Respondents.

Appellants, Raymond E. Lodge and Condor's Nest, LLC (collectively, Lodge), challenge the superior court's postjudgment award of attorney fees to respondents, Roberta V. Barbanell, El Rancho De Vida, El Rancho De Vida Three, LLC, and El Rancho De Vida Four, LLC (collectively, the Barbanell entities), following the Barbanell's successful petition to appoint an arbitrator to resume arbitration proceedings concerning the parties' contract disputes.

Lodge argues that the Barbanell entities could not have been prevailing parties in the underlying action because the parties had claims pending in a separate lawsuit in the superior court and in arbitration at the time of the award.

Recognizing that this case presents a clear exception to the general rule, we find no error. As we explain, the Barbanell entities were prevailing parties in the superior court and the judgment on the petition terminated a discrete action on the parties' contract.[1] Accordingly, we affirm the superior court's award of attorney fees.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In 2005, the parties entered an agreement that settled a century-old water rights dispute that arose between their parcels' prior owners. The settlement agreement details how the parties must resolve future disputes arising under the agreement and provides that if the parties fail to resolve such disputes themselves, they must submit the disputes to mediation.

If their mediation fails, then the agreement allows either party to submit the dispute to "binding arbitration before a retired judge or justice in San Diego County with water law expertise." The agreement expressly states that "the exclusive remedies for resolving any dispute arising out of or relating to this Agreement are the informal resolution, mediation, and arbitration measures set forth above."

---

1   "Action" herein includes both civil lawsuits and arbitration proceedings. (Code Civ. Proc., § 581, subd. (a)(1) [the term action can denote a "civil action or special proceeding"]; *Phillips v. Sprint PCS* (2012) 209 Cal.App.4th 758, 772 (*Phillips*) [arbitration is a type of special proceeding].)

2

The settlement agreement addresses attorney fees in two places. First, section XIV, which includes the foregoing provisions as to dispute resolution, states:

> "The prevailing party in the arbitration may recover its reasonable attorneys' fees and costs, including consultants' fees, incurred in the arbitration proceedings and the prior meditation, in the discretion of the arbitrator."

Section XV addresses "Costs and Attorneys Fees" more generally, and subdivision (H)(2) provides that:

> If any party to the agreement "file[s] a lawsuit or assert[s] a defense, claim, counter-claim, or cross-claim, arising out of or relating to the matters covered by this Agreement, . . . the prevailing party shall be entitled to receive, in addition to compensation for any other damages sustained, any and all reasonable attorney's fees and costs incurred by that party *in having the matter ordered to . . . arbitration*." (Underscore and italics added.)

In 2016, a dispute over groundwater resources arose between the parties. Arbitration proceeded for several years, and in late 2022, the Barbanell entities moved for summary judgment. Before the arbitrator could issue a ruling on the motion for summary judgment, Lodge filed two demands for disqualification of the arbitrator. In response, and without ruling on the motion for summary judgment, the arbitrator withdrew from the action, leaving the arbitration unresolved.

While the Barbanell entities searched for a replacement arbitrator, Lodge filed a lawsuit asserting the same claims they made in arbitration. The Barbanell entities then filed a separate, discrete action—a petition to appoint a new arbitrator—which is the action underlying this appeal. The superior court granted the Barbanell entities' petition, and noted that "it is

3

clear the Petition seeks appointment of a new arbitrator," and did not seek "an order compelling the parties to arbitration." (Civ. Code Proc., § 1281.6.)

The superior court entered judgment on the petition in favor of the Barbanell entities, adjudging them as the prevailing parties, which entitled them to move for attorney fees determinable "pursuant to subsequent filings." Exercising this right, the Barbanell entities moved, postjudgment, for recovery of their attorney fees. Relying specifically on the language in section XV of the settlement agreement, the trial court found that the Barbanell entities were the prevailing parties and were entitled to the recovery of attorney fees. Accordingly, the superior court granted their motion.

The superior court then issued an amended judgment. The only substantive difference from the original judgment was that the amended judgment noted that the Barbanell entities "were awarded and shall recover attorney's fees . . . in the amount of $68,800.00."

## DISCUSSION

### A. *Appealability*

"We have jurisdiction over a direct appeal only when there is an appealable order or an appealable judgment." (*Otay River Constructors v. San Diego Expressway* (2008) 158 Cal.App.4th 796, 801 (*Otay*).) This generally includes postjudgment orders awarding attorney fees. (Code Civ. Proc., § 904.1, subd. (a)(2); *Lakin v. Watkins Associated Industries* (1993) 6 Cal.4th 644, 654 [postjudgment orders that establish new liabilities are appealable orders].)

We note that Lodge's notice of appeal is technically deficient because it expressly challenges the amended judgment, which references the postjudgment fee award but does not make the award in itself. In other words, Lodge failed to list the order that it intended to appeal. However, had the notice of appeal correctly identified the postjudgment fee award, it would

4

have been timely at its filing.  (See Cal. Rules of Court, rule 8.104(a)(1).)  Further, California's "strong public policy favoring the hearing of appeals on the merits" compels us to hear this matter, (*K.J. v. Los Angeles Unified School Dist.* (2020) 8 Cal.5th 875, 882), "despite any technical defect."  (*Id.* at p. 883.)  We therefore hold that the amended judgment incorporates the postjudgment award of attorney fees and proceed to hear this appeal on its merits.  (*Id.* at p. 886.)

However, because Lodge failed to appeal the original judgment, and the only substantive difference between the original judgment and amended judgment is reference to the fee award, we limited this appeal to consider only the postjudgment award of fees.  (See *Torres v. City of San Diego* (2007) 154 Cal.App.4th 214, 221–222.)

**B.**     ***Standard of Review***

Generally, we review a superior court's award of attorney fees for an abuse of discretion.  (*Jones v. Goodman* (2020) 57 Cal.App.5th 521, 532–533.)  Where, as here, the parties assert legal challenges to the criteria of a fee award, they raise a question of law which we review de novo.  (*Ibid.*; *Butler-Rupp v. Lourdeaux* (2007) 154 Cal.App.4th 918, 923.)  Once we identify the applicable criteria, we revert to an abuse of discretion standard, because " ' "the trial court is in the best position to determine whether the criteria for a fee award have been met." ' "  (*Jones*, at p. 533.)  Accordingly, we will not disturb the superior court's " ' "judgment on this issue unless we are convinced the court abused its discretion." ' "  (*Ibid.*)

**C.** *Legal Basis for an Award of Attorney Fees in Actions on Contracts*

Lodge does not challenge the interpretation of the language of Civil Code section 1717,[2] but rather its application. Lodge asserts that the requisite legal basis for an award of attorney fees under this section could not have existed when the superior court made the award because the superior court's grant of the underlying petition did not resolve all actions relating to the contract. Thus, Lodge asserts, the Barbanell entities cannot be "prevailing parties" under section 1717 as a matter of law.

Section 1717[3] "governs awards of attorney fees based on a contract and authorizes an award of attorney fees '[i]n any action on a contract' to 'the party prevailing on the contract' if the contract provides for an award of attorney fees," regardless of whether that party was specified in the fee provision of the contract. (*Frog Creek Partners, LLC v. Vance Brown, Inc.* (2012) 206 Cal.App.4th 515, 523 (*Frog Creek*) [quoting § 1717, subd. (a)].) The prevailing party *on the contract*, as determined by the superior court, is the party that "recovered a greater relief in the action on the contract." (§ 1717, subd. (b)(1).) The legislative intent behind section 1717 is to create " 'uniform treatment of fee recoveries in actions on contracts containing attorney fee provisions and to eliminate distinctions based on whether

2      Except as otherwise noted, statutory references are to the Civil Code.

3      " 'Before section 1717 comes into play, it is necessary to determine whether the parties entered an agreement for the payment of attorney fees and, if so, the scope of the attorney fee agreement.' " (*Mountain Air Enterprises, LLC v. Sundowner Towers, LLC* (2017) 3 Cal.5th 744, 752.) The superior court here found that the parties' settlement agreement included an agreement for attorney fees, the scope of which entitled the Barbanells to recover these fees following their successful petition to appoint a new arbitrator in their matter.

6

recovery was authorized by statute or by contract.' " (*Frog Creek,* at p. 524.) Thus, the contract determines where attorney fee awards are possible, and section 1717 contextualizes when these awards are proper.

While the superior court has discretion in determining which party prevails in the contract action, this determination requires " ' "some reckoning of the net success of the respective parties" ' " which can only occur after " ' "the final termination" ' " of the action. (*Frog Creek, supra,* 206 Cal.App.4th at p. 526.) We emphasize that the language of section 1717 discusses attorney fee awards as it relates to a discrete and insular "action on the contract" and not the status of all disputes or actions arising under the contract. (§ 1717, subd. (b)(1).)

## D. *Orders to Arbitrate are Fundamentally Different from Orders Appointing Arbitrators*

Lodge cites a slew of cases that support postponing awards of attorney fees until the resolution of all claims pending in arbitration—these cases, which we discuss *post*, specifically involve a superior court's order compelling arbitration, after which the court retains some, albeit limited jurisdiction over the action's claims. Lodge does not, however, cite legal authority that supports postponing attorney fee awards where the superior court appoints an arbitrator. Nonetheless, as we explain below, it is a superior court's jurisdiction over unresolved contract claims that forestalls attorney fees awards, and not the mere presence of disputes under the contract, and this disposes the appeal.

First, we note that orders compelling the arbitration of contract claims are procedurally distinct from orders appointing an arbitrator. An order that compels arbitration arises after a contract party files an action on one or more claims under that contract in the superior court, which gives the superior court jurisdiction over those claims. (See Cal. Const., art. VI, § 10.)

7

One party then petitions or moves to divert the claims to arbitration. (See Code Civ. Proc., § 1281.2.)[4] If the trial court grants the request and diverts the claims in litigation to arbitration, it retains a vestigial or "twilight" jurisdiction over those claims. (*Titan/Value Equities Group, Inc. v. Superior Court* (1994) 29 Cal.App.4th 482, 487 (*Titan*).)

Both petitions and motions to compel arbitration filed in a pending lawsuit are " 'part of the underlying action' " and do not initiate distinct or separate proceedings. (*Phillips*, *supra*, 209 Cal.App.4th at p. 772.) However, a petition to compel arbitration can exist independently of a preexisting litigation over contract claims. (*Ibid.*) Thus, there is "an 'analytic distinction' between a motion (or petition) to compel arbitration filed within an existing action . . . and a petition to compel arbitration that commences an independent action." (*Ibid.*) Even so, a petition or motion to compel in an existing action may be "sufficiently discrete . . . to warrant an award of attorney fees . . . ." (*Ibid.*)

On the other hand, a petition or motion to appoint an arbitrator, like the one giving rise to the action underlying this appeal, arise when a party to a failed arbitration seeks judicial appointment of a new arbitrator. (See Code Civ. Proc., § 1281.6.) If a party files such a request in the same action following an order to compel arbitration, then the court would have twilight jurisdiction over the claims subject to arbitration once it reappoints an arbitrator. (*Titan*, *supra*, 29 Cal.App.4th 482, 487.) However, like in the case before us, a petition to appoint an arbitrator that initiates a discrete,

---

4    In such instances, the petitioner or movant alleges "the existence of a written agreement to arbitrate a controversy." (Code Civ. Proc., § 1281.2.) If the superior court finds that there is such an agreement, it orders the parties to arbitrate the claims subject to that agreement. (*Ibid.*)

independent action does not confer the superior court's jurisdiction over those claims already in arbitration, for those claims never touched the superior court. (See Cal. Const., art. VI, § 10; cf. *Frog Creek*, *supra*, 206 Cal.App.4th at p. 533 [a petition under section 1281.2 only confers "jurisdiction over the contractual arbitration" claims subject to that petition].)

Here, the Barbanell entities served Lodge with an arbitration complaint, Lodge responded with counterclaims, and the parties proceeded with the arbitrator without either party needing to file a motion to compel arbitration. After the original arbitrator withdrew at Lodge's urging, the Barbanell entities filed an independent petition to appoint a new arbitrator to step back into the ongoing arbitration. Thus, the trial court below had no twilight jurisdiction over the claims subject to arbitration—it instead resolved the only issue before it and appointed a new arbitrator so that the parties could finish the dispute resolution process.

**E.** ***Jurisdiction Over Unresolved Contract Claims Forestalls Attorney Fee Awards, and Not the Mere Presence of Disputes Under the Contract***

After a trial court diverts contract claims from litigation to arbitration where "the arbitrator takes over," these claims are still subject to the court's " 'twilight' " jurisdiction and remain part of the lawsuit. (*Titan*, *supra*, 29 Cal.App.4th at p. 487.) Because the trial court retains jurisdiction over the contract claims while they are in arbitration, it cannot determine which party

9

prevailed "in the action on the contract" until arbitration terminates those claims. (*Frog Creek*, *supra*, 206 Cal.App.4th at pp. 531–532.)[5]

The reasoning underpinning this is that the trial court can only determine which party has prevailed by making a " ' "reckoning of the net success of the parties," ' " which is not possible until all claims in the action subject to its jurisdiction in that action have resolved. (*Frog Creek*, *supra*, 206 Cal.App.4th at p. 526.) If there is a risk of the contract claims returning to the trial court, then that proceeding might require further litigation. If there is further litigation, then the superior court's " ' "reckoning of the net success" ' " of each party would have been incomplete, because further proceedings would affect the overall success of each party. (*Ibid.*) Our own precedent and those of our sister courts illustrate this rule.

In *Lachkar v. Lachkar* (1986) 182 Cal.App.3d 641 (*Lachkar*), our sister court held that the trial court erred in awarding attorney fees to the movant after granting their motion to compel the arbitration "of 'a number of contentions, claims, and controversies . . . concerning the interpretation and application . . . of the contract of sale . . . .'" (*Id.* at p. 644.) The court reasoned that because "[t]he arbitrator may determine that the issues submitted to him are not arbitrable and return the case to the court for proceedings," there could be no "final determination of the rights of the parties to this action at the time of the motion." (*Id.* at p. 647.) Thus, it is

5      We note that there are situations where a superior court can award attorney fees on a petition to compel arbitration, even while there is ongoing arbitration of contract claims. These cases involve "a petition to compel arbitration filed in an independent lawsuit," the term independent denoting a petition to compel arbitration that existed "before any lawsuit was filed on the merits of the contractual dispute." (*Frog Creek*, *supra*, 206 Cal.App.4th at pp. 532–533.)

10

the court's twilight jurisdiction over the action's claims that forestalled the final determination of the rights of the parties, and not the mere existence of disputes under the contract generally.  (See *ibid.*)

In *Green v. Mt. Diablo Hospital Dist.* (1989) 207 Cal.App.3d 63, also dealing with a legacy version of section 1717, our sister court held that after denying a motion to compel arbitration, an attorney fee award under section 1717 to the nonmovant was premature because those claims the movant sought to arbitrate were still pending in the trial court.  (*Green,* at p. 76.)  Thus, because ruling on the motion to compel arbitration did not terminate all claims in the lawsuit, there could be no "final determination of the rights of the parties."  (*Ibid.*)

Where there is only a single issue in the action before the trial court, and its judgment disposes of that issue, there is no twilight jurisdiction that prevents a final determination of the parties' rights or an award of attorney fees.  (*Hsu v. Abbara* (1995) 9 Cal.4th 863, 876 (*Hsu*).)  In *Hsu*, our high court expressly held that "a plaintiff who obtains all relief requested on the only contract claim in the action must be regarded as the party prevailing on the contract for purposes of attorney fees under section 1717" as a matter of law.  (*Id.* at pp. 876–877.)  Thus, a trial court's prevailing party determination does not travel beyond those claims subject to the action before it; it only matters whether it terminated all claims filed in that discrete lawsuit, not whether it terminated all disputes arising under the contract, including those existing in separate lawsuits.  (*Ibid.*; *Otay, supra,* 158 Cal.App.4th at p. 806.)

*Acosta v. Kerrigan* (2007) 150 Cal.App.4th 1124, 1132 *(Acosta)* demonstrates the differentiation between distinct claims and is instructive here.  In *Acosta,* the defendant, Kerrigan, sought, and received, attorney fees after prevailing on a petition to compel arbitration.  (*Id.* at p. 1125.)  In

11

affirming that award, the court explained that "the contractual provision at issue state[d] [that] a party who is forced to file a petition to compel arbitration of a dispute arising under the Occupancy Agreement may recover his attorney fees incurred in making the successful petition." (*Id*. at p. 1132.) Given that provision, the court determined, there was no "valid reason why Kerrigan should have to wait until the end of the case to recover fees he is entitled to by virtue of prevailing on a specific motion." (*Ibid*.) It explained, Kerrigan is not attempting to recover attorney fees under a provision permitting an award of fees to the party prevailing on the merits of a claim arising under the Occupancy Agreement." (*Ibid*.) "Rather, he is seeking fees incurred while enforcing an independent provision of the contract, fees to which he is entitled even if he loses the case on the merits in the arbitration." (*Ibid*.) The *Acosta* court acknowledged *Lachkar*, but did not seem to find it persuasive given the specific factual scenario presented there. (See *Acosta,* at p. 1132, fn. 16; *Lachkar, supra,* 182 Cal.App.3d 641.)

## F.    *The Trial Court Did Not Err in Awarding Attorney Fees to the Barbanell Entities as Prevailing Parties*

The settlement agreement in this matter entitles the prevailing party to receive attorney fees incurred in having the matter ordered to mediation and arbitration. The settlement agreement also provides that, except for a request for a preliminary injunction in emergency circumstances, "the exclusive remedies for resolving *any* dispute arising out of or relating to this Agreement are the informal resolution, mediation and arbitration measures set forth" in the settlement agreement. It specifies that the parties are to share costs for mediation and that the prevailing party in the arbitration may recover its reasonable attorney fees "in the discretion of the arbitrator." In other words, subject to the one narrow exception, the parties may only resolve disputes related to the contract outside of court. An attorney fees award to

12

party prevailing on the separate, pending contract claims are the purview of the appointed the arbitrator.

Where, as here, one party is forced to go to court to enforce a specific contractual provision like the appointment of an arbitrator, and prevails *on that action* when the trial court enters a final judgment in favor of that party, that party is entitled to its related attorney fees, apart from the attorney fees it may receive in arbitration or litigation over separate contractual claims. (See, e.g., *Acosta, supra,* 150 Cal.App.4th at p. 1132.)

Lodge asserts that it had also filed its own lawsuit concerning the underlying contract claims, after the original arbitrator recused himself, and asks that we hold the presence of related contract claims pending in arbitration and litigation to forestall an award of attorney fees because the underlying petition to appoint an arbitrator, it alleges, was an "interim procedural step." We decline to do so—the underlying petition was not an "interim procedural step," but rather a discrete action, where the only contract claim in the proceeding before the court was whether to grant the petition. (See *Acosta, supra,* 150 Cal.App.4th at p. 1132; *Otay, supra,* 158 Cal.App.4th at p. 807.)

The trial court here terminated the single issue before it when it entered judgment in favor of the Barbanell entities. "Here, the judgment was a 'simple, unqualified win' [citation] for the [Barbanell entities] on the only contract claim between them and [Lodge]. In this situation, the trial court had no discretion to deny the [Barbanell parties] their attorney fees under section 1717 . . . ." (*Hsu, supra*, 9 Cal.4th at p. 876.) Accordingly, we find no error in the trial court awarding such fees.

## DISPOSITION

The judgment is affirmed.  Respondents are entitled to costs on appeal.


KELETY, J.

WE CONCUR:


O'ROURKE, Acting P. J.


CASTILLO, J.

Filed 1/8/26

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| ROBERTA V. BARBANELL, as Trustee, etc. et al., <br><br>     Respondents, <br><br>     v. <br><br> RAYMOND E. LODGE et al., <br><br>     Appellants. | D084193 <br><br> (Super. Ct. No. 37-2023-00022902-CU-PT-NC) |

THE COURT:

The opinion in this case filed December 17, 2025 was not certified for publication. It appearing the opinion meets the standards for publication specified in California Rules of Court, rule 8.1105(c), the request(s) pursuant to rule 8.1120(a) for publication is/are GRANTED.

IT IS HEREBY CERTIFIED that the opinion meets the standards for publication specified in California Rules of Court, rule 8.1105(c); and

ORDERED that the words "Not to Be Published in the Official Reports" appearing on page one of said opinion be deleted and the opinion herein be published in the Official Reports.

O'ROURKE, Acting P. J.

Copies to: All parties